IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DBRAND INC., a Canadian Corporation, *Plaintiff,* v. CASETAGRAM LIMITED *dba* CASETIFY, a Hong Kong limited liability company, and WESTSIDE LAB, INC., a California corporation, *Defendants.* | CASE NO. 24-cv-1919 **JURY TRIAL DEMANDED** |

### DBRAND'S MOTION FOR LEAVE TO SERVE CASETAGRAM BY ALTERNATE MEANS PURSUANT TO FED. R. CIV. P. 4(f)(3)

Plaintiff dbrand inc. ("Plaintiff" or "dbrand") hereby requests leave to serve Defendant Casetagram Limited *dba* Casetify ("Casetagram") by alternate means pursuant to Rule 4(f)(3), i.e., through email. Plaintiff already properly served Defendant Westside Lab, Inc. ("Westside") (together with Casetagram, "Defendants" or "Casetify") through its domestic registered agent.

I.  INTRODUCTION

The Complaint accuses Defendants Casetagram and Westside of engaging in a willful campaign of copyright infringement and the dissemination of false copyright management information. (*See* ECF No. 1 ¶¶ 62-109.) Westside is a California corporation. Casetagram is a limited liability company based in Hong Kong, China. (*Id.* ¶¶ 17-18.) This Court issued Summonses for both Defendants on March 10, 2024. Plaintiff has already properly served its affiliate Westside via its registered agent. (*See* ECF No. 6.) As detailed below, Plaintiff requests that the Court grant the pending Motion for Leave to Serve Defendant Casetagram through Alternate Means Pursuant to Rule 4(f)(3) (the "Motion").

## II. BACKGROUND

dbrand is a Canadian company that designs, manufactures, and sells skins, cases, and other accessories for various electronic devices. (ECF No. 1 ¶ 1). One of dbrand's most successful product lines includes a series of printed vinyl decals portraying a device's internal electronics that can be applied directly to a device or case ("Original Teardowns"):

    

(*Id.* ¶ 6.) Through substantial investment in advertising and building on dbrand's reputation for durable and aesthetically pleasing products, the Original Teardowns were an immediate commercial success. (*Id.* ¶ 7.)

After the Original Teardowns had already achieved substantial fame and recognition, Casetify—a Chinese-based manufacturer and seller of phone cases and related products—began to directly copy dbrand's most popular Original Teardowns to create its own line of cases for phones and other electronics called "Inside Out" (the "Infringing Teardowns"):

    

2

(*Id.* ¶ 9.) Casetify is a large, international company—by its own account worth nearly one billion dollars—with extensive physical assets and other contacts in the United States. (*See id.* ¶¶ 64-65.) Casetify's Infringing Teardowns incorporate direct copies of dbrand's copyright-protected works. (*Id.*) Every Infringing Teardown begins as an unauthorized copy of one of the Original Teardowns. (*Id.* ¶ 10.) Casetify then digitally removes and adds some elements in an attempt to hide its infringements. (*Id.*)

Evidence of Casetify's blatant copyright theft is apparent upon inspection of the Infringing Teardowns. (*Id.* ¶ 11.) Indeed, large swathes of the Original Teardowns are still present, unedited, in the Infringing Teardowns. (*Id.*) Casetify also left various symbols, messages, logos, and trademarks in the Infringing Teardowns that dbrand added to the Original Teardowns for the dual purposes of increasing engagement with consumers and detecting infringers (collectively, the "Easter Eggs"). (*Id.* ¶ 12.) A few examples of dbrand's Easter Eggs found on the Infringing Teardowns are shown below, alongside corresponding examples from dbrand's Original Teardowns (*id.*):

 

Although Casetify unintentionally left a trail of infringement by failing to identify and eliminate all of dbrand's Easter Eggs, it intentionally tried to cover its tracks by removing and altering dbrand's copyright management information ("CMI") from the Original Teardowns and by adding its own false CMI, including the QR codes shown below (*id.* ¶ 13):

3

 

Casetify sells the Infringing Teardowns across the United States through its own website and through third-party retailers like Amazon, Best Buy, and Verizon. (*Id.* ¶¶ 14, 50.) Casetify's egregious and intentional misconduct constitutes copyright infringement and the removal, alteration, and falsification of CMI in violation of the Copyright Act. (*Id.* ¶ 15.) Among other relief, dbrand seeks a permanent injunction preventing Casetify from further infringing dbrand's copyrighted works, as well as actual and statutory damages. (*Id.*)

dbrand and Casetagram have been engaged in parallel litigation for copyright infringement in Canada since November 22, 2023. *See* Ex. A. Two days after dbrand sued Casetagram in Canada, Casetagram posted on its social media that it was aware of the lawsuit and was "currently investigating" the claim. *See* https://x.com/Casetify/status/1728004068507787294. Casetagram has retained counsel and filed its "Statement of Defence" in Canada. *See* Ex. B.

### III. ARGUMENT

Fed. R. Civ. P. 4(f) governs "serving an individual in a foreign country." Rule 4(f)(1) permits service "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention." Rule 4(f)(3) further permits service "by other means not prohibited by international agreement, as the court orders."

4

Courts in this District routinely find that Chinese defendants can be served by email where it is "reasonably calculated to apprise them of the pendency of this action and afford them an opportunity to present their objections." *See MacLean-Fogg Co. v. Ningbo Fastlink Equip. Co.*, No. 08-CV-2593, 2008 WL 5100414, at *1 (N.D. Ill. Dec. 1, 2008) (allowing email service of Chinese defendant); *Strabala v. Zhang*, 318 F.R.D. 81, 88 (N.D. Ill. 2016) (same); *Oakley, Inc. v. Schedule A Defendants*, No. 20-CV-05049, 2021 WL 2894166, at *5 (N.D. Ill. July 9, 2021) (same); *Klauber Bros., Inc. v. Schedule A Defendants*, 23-CV-10407, 2024 WL 182209, at *3 (N.D. Ill. Jan. 17, 2024) (same); *Hangzhou Chic Intelligent Tech. Co. v. Schedule A Defendants* (same), No. 20-CV-4806, 2021 WL 1222783, at *1 (N.D. Ill. Apr. 1, 2021) (same); *Ouyeinc Ltd. v. Alucy*, No. 20-CV-3490, 2021 WL 2633317, at *3 (N.D. Ill. June 25, 2021) (same); *NBA Properties, Inc. v. Schedule A Defendants*, 549 F. Supp. 3d 790, 796 (N.D. Ill. 2021) (same) (affirmed).

Furthermore, "[a]lternative service is neither a 'last resort' nor 'extraordinarily relief,' but instead is merely one means among several which enables service of process on an international defendant." *1025 W. Addison St. Apartments Owner, LLC v. Grupo Cinemex, S.A. de C.V.*, No. 20-CV-06811, 2021 WL 2136073, at *8 (N.D. Ill. May 26, 2021) (internal citation omitted).

Thus, "[s]o long as the proposed method of service is 'not prohibited by international agreement,' Rule 4(f)(3) does not require a party to attempt service under the [Hague] Convention before seeking a court order directing alternative service." *NBA Properties*, 549 F. Supp. at 796 (quoting *Strabala*, 318 F.R.D. at 88). Several courts in this District have confirmed that China has not prohibited email service. *See id.* (explaining that China has not prohibited email service), *aff'd sub nom. NBA Properties, Inc. v. HANWJH*, 46 F.4th 614 (7th Cir. 2022); *see also Oakley*, 2021 WL 2894166, at *5 (same); *Hangzhou*, 2021 WL 1222783, at *3 (same).

As alleged in the Complaint, "Casetagram advertises that it can be contacted 'anytime' by email at hello@casetify.com." (ECF No. 1 ¶ 17.) As also alleged in the Complaint, "Casetagram's executive team can also be contacted directly at legal.comsec@casetagram.com, owner@casetagram.com, wes@casetagram.com, ron@casetagram.com, mike@casetagram.com, and sharon.lam@casetagram.com." (*Id.*) The hello@casetify.com address is identified on Casetagram's website as the main contact address for all purposes, including product issues, order issues, business issues, press issues, and all "other issues." *See* Ex. C, Declaration of Collin D. Hansen ¶ 5. The legal.comsec@casetagram.com and owner@castegram.com addresses are identified in Casetagram's public business filings as the official contact addresses for legal and business matters. *See id.* ¶ 6. The wes@casetagram.com address is the business address for Casetagram owner, co-founder, and CEO Wesley Ng (also Owner of Westside). *See id.* ¶ 7. The ron@casetagram.com address is the business address for Casetagram Co-Founder, Corporate Secretary, and Managing Director Ronald Yeung. *See id*. The mike@casetagram.com address is the business address of Casetagram's Head of Growth, Mike Jia (also CEO, Secretary, and Director of Westside). *See id*. The sharon.lam@casetagram address is the business address of Casetagram CFO Sharon Lam (also the CFO of Westside). *See id*.

Sending the Summons and a copy of the Complaint to each of the seven email addresses identified above will "apprise [Casetagram] of the pendency of this action and afford [it] an opportunity to present [its] objections." *See MacLean-Fogg*, 2008 WL 5100414, at *1. For these reasons, Plaintiff respectfully requests that the Court grant leave to serve Casetagram by sending the Summons and a copy of the Complaint to each of the seven email addresses identified above.

IV. **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the Motion for leave to serve Casetagram by email pursuant to Rule 4(f)(3).

DATED March 15, 2024.

                                              Respectfully submitted,

                                              By /s/ *Collin D. Hansen*
                                                  Collin D. Hansen (ARDC#: 6335991)
                                                  Email: chansen@wnlaw.com
                                                  **WORKMAN NYDEGGER**
                                                  840 S Northwest Hwy, Suite 10
                                                  Barrington, IL 60010
                                                  (815) 353-4438 (Telephone)

                                                  Brian N. Platt (UT# 17099)
                                                  Email: bplatt@wnlaw.com
                                                  **WORKMAN NYDEGGER**
                                                  60 East South Temple, Suite 1000
                                                  Salt Lake City, UT 84111
                                                  (801) 533-9800 (Telephone)

                                                  *Attorneys for Plaintiff dbrand inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Motion for Leave to Serve Casetagram by Alternative Means was electronically filed on March 15, 2024, using the court's CM/ECF system. The undersigned will also send a copy to Defendants at the following email addresses:

Casetagram Limited *dba* Casetify
Westside Lab, Inc.
hello@casetify.com

Ronald Yeung
legal.comsec@casetagram.com
ron@casetagram.com

Wesley Ng
owner@castegram.com
wes@casetagram.com

Mike Jia
mike@casetagram.com

Sharon Lam
sharon.lam@casetagram

*/s/ Collin D. Hansen*