IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DBRAND INC., a Canadian Corporation,<br><br>*Plaintiff*,<br><br>v.<br><br>CASETAGRAM LIMITED dba CASETIFY, a Hong Kong limited liability company,<br><br>and<br><br>WESTSIDE LAB, INC., a California corporation,<br><br>*Defendants*. | CASE NO. 24-cv-1919<br><br>DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT<br><br>**JURY TRIAL DEMANDED** |

## ANSWER TO COMPLAINT AND COUNTERCLAIMS

Defendants Casetagram Limited ("Casetagram") and Westside Lab, Inc. ("Westside") (collectively, "Casetify"), hereby submit its Answer. Other than as expressly admitted herein, Casetify denies or has no knowledge of the allegations in the Statement of Claim. Casetify expressly denies that the Plaintiff is entitled to any of the reliefs set forth in its Complaint. Casetify, through its attorneys, states as follows:

1

## SUMMARY OF THE ACTION:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9. Denies the allegations in paragraph 9 of the Complaint.

10. Denies the allegations in paragraph 10 of the Complaint.

11. Denies the allegations in paragraph 11 of the Complaint.

12. Denies the allegations in paragraph 12 of the Complaint.

13. Denies the allegations in paragraph 13 of the Complaint.

14. Casetify sells many different products in the United States through its own website and third-party retailers; the remaining allegations in paragraph 14 of the Complaint are denied.

15. Denies the allegations in paragraph 15 of the Complaint.

## PARTIES:

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17. Admits the allegations in paragraph 17 of the Complaint.

18. Admits the allegations in paragraph 17 of the Complaint.

19. The allegations in paragraph 19 are legal conclusions as to which no response is required.

20. Admits the allegations in paragraph 20 of the Complaint.

21. Admits the allegations in paragraph 21 of the Complaint.

22. Admits the allegations in paragraph 22 of the Complaint.

23. Admits the allegations in paragraph 23 of the Complaint.

24. Admits the allegations in paragraph 24 of the Complaint.

25. Admits the allegations in paragraph 25 of the Complaint.

26. Denies the allegations in paragraph 26 of the Complaint.

27. Denies the allegations in paragraph 27 of the Complaint.

28. Admits the allegations in paragraph 28 of the Complaint.

29. Admits the allegations in paragraph 29 of the Complaint.

30. Admits that Castegram executives oversee Westside and make Casetify product-related decisions; denies the remaining allegations in paragraph 30 of the Complaint.

31. Admits the allegations in paragraph 31 of the Complaint.

32. Admits that, Casetagram is not a registered business in the State of California, and that on social media and Casetify website, a business location in Los Angeles was listed, denies the remaining allegations of paragraph 32 of the Complaint.

33. Admits that, on social media and Casetify website, a business location in Los Angeles was listed, denies the remaining allegations of paragraph 33 of the Complaint.

34. Admits that some Casetify products are imported through Westside, denies the remaining allegations of paragraph 34 of the Complaint.

35. Admits the allegations in paragraph 35 of the Complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations in paragraph 36 of the Complaint.

37. Admits the allegations in paragraph 37 of the Complaint.

38. Admits that Casetagram is the owner of the registered trademark CASETIFY for mobile phone cases and denies the remaining allegations in paragraph 38 of the Complaint.

39. Admits the allegations in paragraph 39 of the Complaint.

40. Admits that some Casetify products have been sold through Amazon, denies the remaining allegations in paragraph 40 of the Complaint.

41 Denies the allegations of paragraph 41 of the Complaint.

42. Denies the allegations of paragraph 42 of the Complaint.

## JURISDICTION AND VENUE

43. The allegations in paragraph 43 are legal conclusions as to which no response is required.

44. The allegations in paragraph 44 are legal conclusions as to which no response is required.

45. The allegations in paragraph 45 are legal conclusions as to which no response is required.

46. The allegations in paragraph 46 are legal conclusions as to which no response is required.

47. Plaintiff is defining its term usage, no response is required.

48. Admits that some Casetify products are sold on Casetify website; denies remaining allegations in paragraph 48 of the Complaint.

49. Admits that some Casetify products are sold on third-party websites; denies remaining allegations in paragraph 49 of the Complaint.

50. Admits that some Casetify products are sold in brick-and-mortar stores; denies remaining allegations in paragraph 50 of the Complaint.

51. Admits the allegation in paragraph 51 of the Complaint.

52. Admits the allegation in paragraph 52 of the Complaint.

53. Admits the allegation in paragraph 53 of the Complaint.

54. Admits that some Casetify products are sold to Illinois consumers, denies the remaining allegations in paragraph 54 of the Complaint.

55. Admits that Westside sells and ships directly to consumers in all States Casetify products that are sold through online third-party retailers, and ships Casetify products to third-party businesses in all States, denies the remaining allegation in paragraph 55 of the Complaint.

56. Admits that Westside ships Casetify products to third-party businesses in all States, denies the remaining allegation in paragraph 56 of the Complaint.

57. Admits that some Casetify products are shipped from various locations including the warehouses listed in paragraph 57 of the Complaint.

58. Admits Casetify advertises and markets its products to consumers in all States through a variety of channels, denies the remaining allegations in paragraph 58 of the Complaint.

59. Admits Casetify products are available for purchase in all States through a variety of channels, denies the remaining allegations in paragraph 59 of the Complaint.

60. Casetify markets and sells its products to all consumers through a variety of channels, denies the remaining allegations in paragraph 59 of the Complaint.

61. The allegations in paragraph 46 are legal conclusions as to which no response is required.

## BACKGROUND

62. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint.

63. Admits that Casetagram is Hong Kong-registered limited liability company and that it makes, sells and imports phone cases and related products in the United States through its own website and through third-party retailers, and that some of Casetify products are manufactured in China, denies the remaining allegations of paragraph 63 of the Complaint.

64. Admits the allegations of paragraph 64 of the Complaint.

65. Denies the allegations of paragraph 65 of the Complaint.

66. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Complaint.

67. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Complaint.

68. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Complaint.

69. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Complaint.

70. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Complaint.

71. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the Complaint.

72. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Complaint.

73. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the Complaint.

74. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the Complaint.

75. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the Complaint.

76. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the Complaint.

77. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the Complaint.

78. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the Complaint.

79. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the Complaint.

80. Denies the allegations of paragraph 80 of the Complaint.

81. Admits that copyrights are registered in Exhibit B, denies the remaining allegations of paragraph 81 of the Complaint.

82. The allegations in paragraph 82 are legal conclusions as to which no response is required.

83. Denies the allegations of paragraph 83 of the Complaint.

84. Denies the allegations of paragraph 83 of the Complaint.

85. Denies the allegations of paragraph 85 of the Complaint.

86. Denies the allegations of paragraph 86 of the Complaint.

87. Denies the allegations of paragraph 87 of the Complaint.

88. Denies the allegations of paragraph 88 of the Complaint.

89. Denies the allegations of paragraph 89 of the Complaint.

90. Denies the allegations of paragraph 90 of the Complaint.

91. Complaint Paragraph 91 quotes law for which no response is required.

92. Complaint Paragraph 92 contains citations to case law for which no response is required.

93. The allegations in paragraph 93 are legal conclusions as to which no response is required.

94. The allegations in paragraph 94 are legal conclusions as to which no response is required.

95. Denies the allegations of paragraph 95 of the Complaint.

96. Denies the allegations of paragraph 96 of the Complaint.

97. Denies the allegations of paragraph 97 of the Complaint.

98. Denies the allegations of paragraph 98 of the Complaint.

99. Denies the allegations of paragraph 99 of the Complaint.

100. Denies the allegations of paragraph 100 of the Complaint.

101. Denies the allegations of paragraph 101 of the Complaint.

102. Denies the allegations of paragraph 102 of the Complaint.

103. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103 of the Complaint.

104. Denies the allegations of paragraph 104 of the Complaint.

105. Denies the allegations of paragraph 105 of the Complaint.

106. Denies the allegations of paragraph 106 of the Complaint.

107. Denies the allegations of paragraph 107 of the Complaint.

108. Denies the allegations of paragraph 108 of the Complaint.

109. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109 of the Complaint.

**FIRST CLAIM FOR RELIEF**

110. Incorporation for which no response is required.

111. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 of the Complaint.

112. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112 of the Complaint.

113. Admits that copyrights are registered in Exhibit B, denies the remaining allegations of paragraph 113 of the Complaint.

114. Denies the allegations of paragraph 114 of the Complaint.

115. Denies the allegations of paragraph 115 of the Complaint.

116. Denies the allegations of paragraph 116 of the Complaint.

117. Denies the allegations of paragraph 117 of the Complaint.

118. Denies the allegations of paragraph 118 of the Complaint.

119. Denies the allegations of paragraph 119 of the Complaint.

120. Denies the allegations of paragraph 120 of the Complaint.

121. Denies the allegations of paragraph 121 of the Complaint.

122. Denies the allegations of paragraph 122 of the Complaint.

123. Denies the allegations of paragraph 123 of the Complaint.

124. Denies the allegations of paragraph 124 of the Complaint.

125. Denies the allegations of paragraph 125 of the Complaint.

**SECOND CLAIM FOR RELIEF:**

126. Incorporation for which no response is required.

127. Admits that copyrights are registered in Exhibit B, denies the remaining allegations of paragraph 127 of the Complaint.

128. Denies the allegations of paragraph 128 of the Complaint.

129. Denies the allegations of paragraph 129 of the Complaint.

130. Denies the allegations of paragraph 130 of the Complaint.

131. Denies the allegations of paragraph 131 of the Complaint.

132. Denies the allegations of paragraph 132 of the Complaint.

**THIRD CLAIM FOR RELIEF**

133. Incorporation for which no response is required.

134. Admits that copyrights are registered in Exhibit B, denies the remaining allegations of paragraph 134 of the Complaint.

135. Denies the allegations of paragraph 135 of the Complaint.

136. Denies the allegations of paragraph 136 of the Complaint.

137. Denies the allegations of paragraph 137 of the Complaint.

138. Denies the allegations of paragraph 138 of the Complaint.

139. Denies the allegations of paragraph 139 of the Complaint.

### PRAYER FOR RELIEF:

Casetify denies that the Plaintiff is entitled to any relief as set forth in sections A-K of its Complaint.

### GENERAL DENIAL

All allegations not expressly admitted are denied.

### AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim for relief.

2. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged copyrights are invalid or unenforceable, including by reason of lack of originality and lack of copyrightable subject matter.

3. Plaintiff's claims are barred, in whole or in part, because Casetify is not infringing and has not infringed any of the Plaintiff's alleged copyrights.

4. This Court lacks jurisdiction and/or venue over Casetify.

5. The claims in the Complaint are barred because there is no substantial similarity between the copyrighted work and the allegedly infringing product.

6. The claims in the Complaint are barred because there is a common public source that precludes copyright infringement.

7. The claims in the Complaint are barred because the allegedly infringing products are independent creations which preclude copyright infringement.

8. Plaintiff's claims are barred, in whole or in part, because the alleged violations of copyrights are *de minimis*, nominative, or fair use as permitted under law.

9. Plaintiff's claims are barred, in whole or in part, by the doctrine of merger.

10. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged protected copyrights are invalid as consisting of unprotectable scenes à faire.

11. Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to assert claims under federal copyright law.

12. Plaintiff's claims are barred, in whole or in part, because its alleged protected copyrights consist of works already in the public domain.

13. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

14. Plaintiff's claims are barred, in whole or in part, by Plaintiff's fraud or deception in the copyright registration process with respect to Plaintiff's designs.

## CASETIFY'S COUNTERCLAIMS:

## BACKGROUND:

1. Casetagram is a limited liability company incorporated on 1 November 2011 under the laws of Hong Kong that produces and sells tech accessories, particularly phone, tablet, laptop, earbuds and watch protective cases. Casetify is well-known brand for its wide range of personalized cases for various phone models, including popular brands like iPhone, Samsung, and Google Pixel, and is recognized for the quality and durability of its products.

2. Over the years, Casetagram has developed and sold hundreds of different phone and electronic device case models, all of which feature stylish, colorful and/or trendy designs and images. Some of its product lines include, but not limited to, the Ripple Case, Bounce Case, Impact Case, Clear Case, Mirror Case, Leather Case, Pillow Case, The Push-in Case, The Stick-in Case, The Grippy Case, The Baffle Case, Phone Charm, Cross-body Charm, Cross-body Strap, Wrist Strap, watch bands and cases such as The Bounce Odyssey Band, Impact Band, Chain Bracelet, and other lifestyle products such as the Sling Bag and Stainless Steel Water Bottle, etc. (see Exhibit A).

3. Among these phone case models commercialized by Casetagram were the "Inside Parts" and "Inside Out" product lines. The idea behind the artwork designs of these product lines is to imitate the look of internal components and parts of

15

mobile phones or other electronic devices. The same idea has been adopted by multiple tech accessory retailers over the years.

4. On 15 June 2023, Casetagram released the accused "Inside Out" case product line which included cases for most popular mobile phone brands and models, as well as other electronic devices. For example, Casetagram released the below mobile phone cases, specifically adapted for the Apple iPhone 15 and 14, and Google Pixel 8 mobile phones.





*Casetify iPhone 15 Pro Max Phone case*   *Casetify iPhone 14 Pro Max Phone case*   *Casetify Google Pixel 8 Pro Phone case*

5. Images of detailed visual representations of mobile phone devices' internal components and structures are widely distributed online. The images displayed on

the back of the Inside Out cases are digital images entirely created by Casetagram's graphic designers using graphics editing software.

6. The design processes for the "Inside Out" case products varied widely based on the different models of the mobile phones and electronic devices.

7. The design processes in creating the "Inside Out" case products involved significant graphics editing and image manipulations, including, but not limited to, incorporating unique Casetify design elements and features. For non-limiting example, in the mobile phone case designs for iPhone 15, iPhone 14, iPhone 13 and iPhone 12, the shape of the MagSafe coil is adjusted to be reminiscent of the letter "C" for Casetify; in the designs for Galaxy Z Fold 5 and Galaxy Z Fold 4, the word "CTFY" being the short form of the brand was incorporated; in the designs for Galaxy S23 Ultra, the word "CTFY" along with two sets of "1" and "11" by the left and right sides of the word indicating the company's date of incorporation, which was 1 November 2011, were incorporated; and the slogan of "A New Standard for Reinforced Protection. Take your protection level to new heights" and the QR code hyperlink to casetify.com were added.

8. The Inside Out cases are not copies of the asserted dbrand Images. They were created from the results of research, original creation and design that Casetagram has invested with countless workers' hours and substantial efforts, including, but not limited to, graphics arrangement, editing, remixing and

17

repositioning and incorporation of new and unique elements and components imagined and conceived by Casetagram's graphic designers. Any similarity between the Inside Out cases and the dbrand Images, both featuring edited images of internal electronic components of mobile phones and electronic devices, is attributable to a shared theme and idea – imitating the look of the intricate internal components of popular devices. The selling point common to both product lines lies in the designs that emulate the interior of the particular device model for which each case is designed.

9. The Plaintiff has no rights to the layout designs of the internal components and parts of these mobile phones or other electronic devices.

10. To the extent that any of the Plaintiff's dbrand Images are original artistic works, which is not admitted, any copyright therein is "thin", meaning that it only covers one's skill and judgment expressed in a work as a whole.

11. Notwithstanding the foregoing, Casetify takes any allegations of copyright infringement very seriously and immediately paused all advertisement and sales of the Inside Out cases after learning of the Plaintiff's claim pending a further internal investigation. The Plaintiff did not send any letter or attempted to contact Casetify to discuss their copyright infringement allegations before commencing this legal proceeding.

**COUNTERCLAIMS**

(a) A declaration that the accused Inside Out cases listed in Plaintiff's Exhibits do not infringe or violate the Plaintiff's rights asserted in the Complaint, including any rights under any US copyright laws;

(b) A judgment that the Plaintiff's images set forth in its Complaint are not copyrightable and that the registrations should be canceled.

(c) Any further legal or equitable relief which the Court deems proper.

Respectfully submitted,

DATED: May 1, 2024

Respectfully submitted,

/s/Sam Yip
Sam Yip (*admitted pro hac vice*)
California Bar No. 264950
IDEA Intellectual
21st Floor, Skyway Center
23 Queen's Road, W., Sheung Wan, Hong Kong
Phone: (571) 335-1729
Email: syip@ideaintellectual.com
**Attorney for Defendant**
**Casetagram Limited d/b/a Casetify**

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2024, I electronically filed the foregoing document with the Clerk of the Court for the Northern District of Illinois, using the Court's Electronic Case Filing System, which sent electronic notification of such filing to all other counsel of record.

*/s/Sam Yip*
Sam Yip
