IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| DBRAND INC., a Canadian Corporation, *Plaintiff*, v. CASETAGRAM LIMITED dba CASETIFY, a Hong Kong limited liability company, and WESTSIDE LAB, INC., a California corporation, *Defendants*. | CASE NO. 24-cv-1919 DEFENDANTS' MOTION FOR SUMMARY JUDGMENT **JURY TRIAL DEMANDED** |

### DEFENDANT CASETIFY'S MOTION FOR SUMMARY JUDGMENT

Defendants Casetagram Limited ("Casetagram") and Westside Lab, Inc. ("Westside") (collectively, "Casetify"), move for summary judgment in their favor pursuant to Fed. R. Civ. P. 56. As there is no genuine issue of material fact, Defendant Casetify is entitled to judgment as a matter of law.

I.  **There is No Infringement Under 17 U.S.C. § 501(a); Defendant Casetify's Designs are not Substantially Similar or Virtually Identical to Plaintiff's Copyrights**

Plaintiff's Copyrights are product images with only a *thin* copyright; the doctrines of *scènes à faire* and merger require the accused products to be "virtually identical" to constitute infringement. The accused Casetify products are not substantially similar, let alone, virtually

1

identical to the Plaintiff's copyrighted images. Therefore, there is no infringement under 17 U.S.C. § 501(a);

## II. There is no Removal and Alteration of Copyright Management Information of Plaintiff's Designs Under 17 U.S.C. §1202(b)

Casetify's accused phone case designs are original works and, as a matter of law, cannot remove or alter any of dbrand's alleged copyright management information (CMI). It is well settled law that, without being exact copies of a plaintiff's work, there is no "removal" of CMI. Therefore, Casetify asks for judgment that there is no violation of 17 U.S.C. §1202(b).

## II. There is no Falsification of Copyright Management Information of Plaintiff's Designs Under 17 U.S.C. §1202(b)

Casetify's accused phone case designs are original works and, as a matter of law, do not remove or alter any of dbrand's alleged copyright management information (CMI). It is well settled law that original designs, even if found to be derivative works, may properly use the CMI of the creator, that is Casetify. Therefore, Casetify asks for judgment that there is no violation of 17 U.S.C. §1202(a).

This motion is based on Defendant Casetify's Fed. R. Civ. P. 56 Memorandum of Law in Support of Casetify's Motion for Summary Judgment and its attached exhibits, which are incorporated into this Motion. Defendants Casetify and Westside Lab respectfully requests that the Court grant this Motion for Summary Judgment and enter judgment as a matter of law in Casetify's and Westside Lab's favor and against Plaintiff.

|  |  |
|---|---|
| DATED:  May 30, 2024 | Respectfully submitted,<br>*/s/Sam Yip*<br>Sam Yip (*admitted pro hac vice*)<br>California Bar No. 264950<br>IDEA Intellectual<br>21st Floor, Skyway Center<br>23 Queen's Road, W., Sheung Wan,<br>Hong Kong<br>Phone: (571) 335-1729<br>Email: syip@ideaintellectual.com<br><br>Margaret Burke (*admitted pro hac vice*)<br>New York Bar No. 2524536<br>IDEA Intellectual<br>21st Floor, Skyway Center<br>23 Queen's Road, W., Sheung Wan,<br>Hong Kong<br>Phone: (571) 335-7752<br>Email: mburke@ideaintellectual.com<br><br>***Attorneys for Defendants***<br>***Casetagram Limited and Westside Lab, Inc.*** |

**CERTIFICATE OF SERVICE**

  I hereby certify that on May 30, 2024, I electronically filed the foregoing document with the Clerk of the Court for the Northern District of Illinois, using the Court's Electronic Case Filing System, which sent electronic notification of such filing to all other counsel of record.

                */s/Sam Yip*
                Sam Yip