IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| DBRAND INC., a Canadian Corporation,<br><br> *Plaintiff*,<br><br> v.<br><br>CASETAGRAM LIMITED dba CASETIFY, a Hong Kong limited liability company,<br><br>and<br><br>WESTSIDE LAB, INC., a California corporation,<br><br> *Defendants*. | CASE NO. 24-cv-1919<br><br>DEFENDANTS' OPPOSED MOTION TO STAY DISCOVERY<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANTS' OPPOSED MOTION TO STAY DISCOVERY

 Defendants Casetagram Limited ("Casetagram") and Westside Lab, Inc. ("Westside") (collectively, "Casetify"), hereby move to stay discovery pending the outcome of its Motion for Judgment on the Pleadings under FRCP 12(c). Casetify, through its attorneys, states as follows:

**I.** **Background**

 Casetify Filed a Motion for Summary Judgment on May 30, 2024 for all of the claims in the Complaint; an Opposed Motion to Stay Discovery was filed on June 3, 2024. A hearing was held on June 20, 2024 at which time it was suggested that Casetify use a Motion on the Pleadings under FRCP 12(c) rather than a Motion for Summary Judgment. Both previous motions were denied.

1

A Motion for Judgment on the Pleadings under FRCP 12(c) is being concurrently filed.

Since none of the accused Casetify products is "virtually identical" (the standard for this genre of copyrights) or even "substantially similar" to the dbrand images, Casetify seeks Judgment on the Pleadings in its favor as a matter of law:

1. dbrand's claim that Casetify's Inside Out line of products infringe dbrand's copyrights under 17 U.S.C. § 501(a) fails the Seventh Circuits extrinsic test as a matter of law as the designs are not substantially similar, let alone "virtually identical," nor does dbrand even plead substantial similarity; therefore, there is no copyright infringement.

2. Casetify's original case designs are original works and, as such, cannot possibly remove or alter any of dbrand's alleged copyright management information (CMI). It is well settled that, without being exact copies of a plaintiff's work, there can be no "removal" of CMI as a matter of law. As such, there is no violation of 17 U.S.C. § 1202(b). Similarly, since Casetify's original case designs are independent creations, placing its own CMI on its products does not constitute falsification of CMI under 17 U.S.C. § 1202(a). Therefore, as a matter of law, there is no violation of 17 U.S.C. § 1202(a).

Casetify seeks a stay of discovery pending the outcome of its Motion for Judgment on the Pleadings. In particular, Casetify asserts that all of the information to make a judgment as a matter of law is contained in the pleadings; the issues of infringement and DMCA can be determined based on the images in the pleadings. As such, discovery is unnecessary for this determination.

II. **This Court Has Discretion to Stay Discovery Pending the Outcome of the Motion for Judgment on the Pleadings**

Federal Rule of Civil Procedure 16(b)(2) allows discovery to be postponed for good cause. Further, FRCP 26 allows the court to limit the scope of discovery or control its sequence to protect a party from undue burden or expense.

This court has considered three factors in determining whether or not to grant a motion to stay discovery:

In determining whether a moving party has met its burden of showing that good cause exists to grant a stay of discovery, courts consider: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues in question and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and on the court. Garrick v. Moody Bible Inst., No. 18 CV 573, 2021 U.S. Dist. LEXIS 214482, 2021 WL 5163287, at *3-4 (N.D.Ill. Nov. 5, 2021); Harper v. Cent. Wire, Inc., No. 19 C 50287, 2020 U.S. Dist. LEXIS 160211, 2020 WL 5230746, at *1 (N.D.Ill. Sept. 2, 2020); Mac Naughton v. Asher Ventures LLC, No. 17 CV 4050, 2018 U.S. Dist. LEXIS 244827, 2018 WL 11361070, at *2 (N.D.Ill. Feb. 27, 2018).

*Vital Proteins, LLC v. Ancient Brands, LLC*, No. 1:22-cv-02265, 2023 U.S. Dist. LEXIS 155177, at *7 (N.D. Ill. Sep. 1, 2023).

As will be demonstrated below, each of these three factors is satisfied such that a stay of discovery should be granted.

III. **Each Factor of the Three-Factor Test Favors Stay of Discovery**

1. **Plaintiff dbrand Will Not Be Unduly Prejudiced or Tactically Disadvantaged by Suspending Discovery**

Defendant Casetify has suspended sales of all Accused Products. Indeed, Casetify suspended sales of all Accused Products several months before the filing of this litigation based on allegations made on social media in November 2023. Thus, the Accused Products were sold

3

over a period of only about four months from July to November, 2023. The items that are requested for discovery are stored electronically and therefore are not at risk of loss or destruction.

Thus, any delay caused by staying discovery until the Motion for Judgment on the Pleadings is resolved will not financially prejudice or tactically disadvantage dbrand. Further, the issues of copyright infringement relating to substantial similarity between the dbrand copyrights and Casetify's products are purely legal issues that can be determined on the pleadings. Similarly, the issue regarding copyright management information and alleged violation of the DMCA is an entirely legal issue which can be resolved based on the pleadings. As such, this factor favors suspension of discovery until resolution of the Motion for Judgment on the Pleadings is resolved.

**2.      A Stay of Discovery Will Simplify the Matters for Discovery and Streamline Future Proceedings**

A grant of Casetify's Motion for Judgment on the Pleadings will substantially simplify any issues for potential future discovery. Since the Motion for Judgment on the Pleadings can be adjudicated entirely based on the law:

"staying discovery during the pendency of such a motion is 'not disfavored and [is] often appropriate where the motion to dismiss can resolve the case.' Bilal v. Wolf, No. 06 C 6978, 2007 U.S. Dist. LEXIS 41983, 2007 WL 1687253, at *1 (N.D.Ill. June 6, 2007)

V*ital Proteins, LLC v. Ancient Brands, LLC*, No. 1:22-cv-02265, 2023 U.S. Dist. LEXIS 155177, at *7 (N.D. Ill. Sep. 1, 2023)

While the cited case relates to a motion to dismiss, the issues are similar here since this case can be adjudicated based solely on the pleadings. Therefore, since Casetify's Motion for Judgment on the Pleadings may eliminate or reduce any remaining issues for the court, it is respectfully submitted this second factor is also satisfied.

### 3. A Stay Will Reduce the Burden of Litigation on the Parties and the Court

Granting a stay of discovery while the Motion for Judgment on the Pleadings is being considered will reduce the cost of discovery, avoiding expenses related to discovery for claims that may be resolved in Casetify's favor. Both parties are foreign corporations which may require costly travel for various aspects of discovery such as depositions. Additionally, many of Defendant's documents are in Chinese, requiring considerable time and cost to translate for both parties. Further, avoiding unnecessary discovery will reduce the necessity for the court to resolve any discovery disputes as the issues remaining for resolution in this case will be reduced following a ruling on the Motion for Judgment on the Pleadings.

Therefore, this third factor also weighs in favor of staying discovery.

### IV. Conclusion

All three factors favor a stay of discovery during pendency of the Motion for Judgment on the Pleadings. Discovery is entirely unnecessary to rule on the Motion for Judgment on the Pleadings as the issues raised therein are legal issues; all of the information needed is contained within the pleadings. A ruling on the merits in the Motion for Judgment on the Pleadings will eliminate or greatly reduce the need for discovery. For these reasons, Casetify requests a stay of discovery until the Motion for Judgment on the Pleadings is resolved.

| | |
|---|---|
| DATED: June 25, 2024 | Respectfully submitted,<br>*/s/Sam Yip*<br>Sam Yip (*admitted pro hac vice*)<br>California Bar No. 264950<br>IDEA Intellectual<br>21st Floor, Skyway Center<br>23 Queen's Road, W., Sheung Wan,<br>Hong Kong<br>Phone: (571) 335-1729<br>Email: syip@ideaintellectual.com<br>***Attorney for Defendants***<br>***Casetagram Limited and Westside Lab, Inc.***<br><br>*/s/Margaret Burke*<br>Margaret Burke (*admitted pro hac vice*)<br>New York Bar No. 2524536<br>IDEA Intellectual<br>21st Floor, Skyway Center<br>23 Queen's Road, W., Sheung Wan,<br>Hong Kong<br>Phone: (571) 335-7752<br>Email: mburke@ideaintellectual.com<br>***Attorney for Defendants***<br>***Casetagram Limited and Westside Lab, Inc.*** |

7

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 25, 2024, I electronically filed the foregoing document with the Clerk of the Court for the Northern District of Illinois, using the Court's Electronic Case Filing System, which sent electronic notification of such filing to all other counsel of record.

<u>/s/Sam Yip</u>
Sam Yip