# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
### Eastern Division

DBRAND INC.

                    Plaintiff,

v.                                               Case No.: 1:24–cv–01919
                                                      Honorable Martha M. Pacold

Casetagram Limited, et al.

                    Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, July 26, 2024:

      MINUTE entry before the Honorable Maria Valdez: Defendants' Opposed Motion to Stay Discovery [39] is denied. Defendants seek a stay of discovery pending a ruling on their Motion for Judgment on the Pleadings [38]. However, "there is no requirement that discovery cease during the pendency of a motion for judgment on the pleadings." *Solly Ringo's LLC v. Soc'y Ins.,* No. 2:22–CV–50054, 2022 WL 16961447, at *2 (N.D. Ill. Nov. 16, 2022) (citations omitted). Rather, &quot;the movant must show that good cause exists for the stay." *Id.* (citation omitted). When deciding whether good cause exists for a stay, courts consider "(i) whether a stay will unduly prejudice or tactically disadvantage the non–moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Pfizer Inc. v. Apotex Inc.,* 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009) (citation omitted). Pertinent to the first factor, Plaintiff represents that both sides have indicated a preference for resolving this matter early through settlement, but negotiations have stalled because Defendants have not produced documents and information relevant to damages. Under the circumstances, a stay of discovery may prejudice Plaintiff and deprive it of an expeditious resolution of its claims. *Cf. Solly Ringo's LLC,* 2022 WL 16961447 at *2 ("While the prejudice to Plaintiff may be slight, there is nevertheless a fair possibility that a stay will prejudice Plaintiff."). With respect to the third factor, Defendants argue that discovery will be burdensome because this case involves foreign corporations and will entail travel for depositions and issues related to Chinese translations. However, as Plaintiff points out, Defendants' argument in that regard ignores the advent of remote depositions and efficient translation services. As such, the Court find that Defendants have "not sufficiently shown that a stay of discovery would reduce the burden on the parties or the Court." *Id.* at *3. Finally, Defendants argue that a stay is warranted because their motion for judgment on the pleadings "may eliminate or reduce any remaining issues for the court." (Defs.' Mot. at 4.) However, though both parties make arguments as to the merits of the underlying motion for judgment on the pleadings, this Court must "decline[ ] to engage in any summary review of the pending motion for judgment on the pleadings when deciding the motion to stay discovery." *See Solly Ringo's LLC,* 2022 WL 16961447 at *3 (citations omitted). Furthermore, staying discovery "solely because Defendant's motion will purportedly resolve the entire case 'would allow the exception to swallow the rule.'" *Id.* (citation omitted). Ultimately, having weighed the relevant factors, the Court

finds that Defendants have not established good cause for a stay of discovery. Accordingly, Defendants' motion to stay is denied. Emailed notice (yt)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.