IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DBRAND INC., a Canadian Corporation,<br><br>*Plaintiff/Counterclaim Defendant,*<br><br>v.<br><br>CASETAGRAM LIMITED *dba* CASETIFY, a Hong Kong limited liability company, and WESTSIDE LAB, INC., a California corporation,<br><br>*Defendants/Counterclaimants.* | CASE NO. 24-cv-1919<br><br>**District Judge Martha M. Pacold**<br>**Magistrate Judge Maria Valdez** |

**JOINT STATUS REPORT REGARDING**
**DISCOVERY AND SETTLEMENT**

Pursuant to the Court's Order (ECF No. 52) Plaintiff and Counterclaim Defendant dbrand inc. ("dbrand") and Defendants and Counterclaimants Casetagram Limited and Westside Lab, Inc. (collectively, "Casetify") (together with dbrand, the "Parties"), jointly provide the following report regarding the status of discovery and settlement.

**I.    Settlement Status**

**Plaintiff's Report:** Plaintiff is open to settlement. The Parties through prior counsel have met and conferred several times regarding settlement, and most recently on September 11, 2024, with Defendants' new counsel. Neither Party has made a formal settlement offer. Plaintiff represents that it is awaiting a subset of the information requested in discovery concerning the scale of alleged infringement and alleged copyright management information ("CMI") violations. Defendants dispute this. Plaintiff's allegation is that statutory damages for CMI violations do not

1

depend on product sales. Plaintiff anticipates that the new information obtained in Defendants' supplemental responses will expedite settlement.

**Defendants Report**: Settlement discussions are confidential and the parties' discussions should not be part of a public filing. Defendants respectfully disagree with Plaintiff's Report above regarding status of settlement. Although Plaintiff reports they are open to settlement, based on a meeting on September 11, 2024 with new counsel, the parties appear to be currently at an impasse. Since settlement discussions have begun Plaintiff has added "RIP CTFY" to their product. Previously, Plaintiff (and its social media influencer) have made social media posts disparaging Defendant's broader business and use such posts to sell alternative lines of Plaintiff's products not related to the copyright rights at issue, a form of copyright misuse. Plaintiff disputes this. The costs of Plaintiff's excessive discovery demands extending beyond acts in the United States (discussed below) will likely exceed total sales of accused products *worldwide* (which have been provided) and is creating an impediment to settlement. Plaintiff disputes this. See also Section below on Rule 44.1 Notice. Defendants' new counsel will continue to participate in efforts to settle this matter.

## II.     Status on Discovery

Discovery is ongoing.

The Parties agreed that given the circumstances discussed below, an additional 30 days are needed for fact discovery in the case schedule and agree to jointly ask the Court for a modification of the case schedule to allow this additional time. The Parties will submit their request for modification of the case schedule by separate filing.

**Plaintiff's Discovery Requests:** Plaintiff served its first set of discovery requests on May 8, 2024. Plaintiff's counsel and prior counsel for Defendants have met and conferred three times regarding these requests and exchanged related written correspondence. After Defendant retained

2

new counsel, Plaintiff agreed to an extension for Defendants to respond to all requests through October 16, 2024. The Parties have not held a meet and confer with Defendants' new counsel regarding these requests. After filing the first joint status report (ECF No. 51) on August 1, 2024, the Parties (with prior counsel for Casetify but not yet with new counsel) met and conferred again regarding discovery and settlement on August 5, 2024. Between that time and August 21, 2024, the Plaintiff and prior counsel exchanged email correspondence regarding other discovery issues. Plaintiff also served follow-up document requests on August 17 and 19, 2024.

Counsel for Plaintiff raised meet and confer issues with prior counsel for Casetify with respect to earlier responses to Plaintiff's first set of discovery requests. Plaintiff has agreed to an extension of time for new counsel to respond to those concerns as well as an extension of time to respond to Plaintiff's second and third sets of document requests. Plaintiff agreed to provide Defendants' new counsel with a 30-day extension for all outstanding discovery requests, including consideration of the meet and confer issues raised with respect to RFPs 1-96, RFAs 1-21, and ROGs 1-20, through October 16, 2024.

New Defense counsel is reviewing all responses to Plaintiff's 137 numbered (excluding subparts) discovery requests[1] and will, if necessary, provide supplemental responses to previously served requests and the initial disclosures within the timeframe contemplated under the Rules. It is Defendants' position that given Plaintiff's 137 numbered (excluding subparts) discovery requests, the large volume and breadth of the requests beyond acts in the United States, Defendants

---

[1] Plaintiff has served dBrand's First Set of Interrogatories (Nos. 1-20), Requests for Admission (1-21), First Set of Requests for Production of Documents (Nos. 1-68) to Casetify, dBrand's Second Set of Requests for Production of Documents (Nos. 69-92) to Casetify, and dBrand's Third Set of Requests for Production of Documents (Nos. 93-96) to Casetify.

New Counsel is endeavoring to provide those supplemental responses in October 2024. Plaintiff disputes Defendants' characterization of its discovery requests. Additional meet and confer efforts will be held after the supplemental responses are provided.

**Defendants' Discovery Requests:** Defendants anticipate serving a first Set of Interrogatories, Requests to Admit and Document requests on Plaintiff on October 2, 2024. Responses are expected in accordance with the 30 day time set forth in the applicable Rules.

**Plaintiff's Third Party Subpoenas:** Plaintiff has served third party subpoenas. Plaintiff has produced all documents received from the third parties to Defendants.

### III. Procedural Status

#### A. Pending Motions

There is a fully briefed and pending Defendants' Motion for Judgment on the Pleadings awaiting ruling. (Dkt 38, 39, 45, 46).

#### B. Substitute Counsel:

Defendants Casetagram Limited d/b/a Casetify and Westside Lab, Inc. have very recently changed legal counsel in this case and are in the process of obtaining the files associated with this case. On September 19, 2024 substitute attorneys UB Greensfelder LLP in Chicago, Illinois were given leave to appear. [Dkt. 56] and Attorneys Kara E.F. Cenar, Patrick S. McKey, Rachael L. Rodman, Angela S. Kalsi, Mary Ann Wymore and Brett J. Geschke dutifully filed their respective Appearances on September 24, 2024 and September 27, 2024. [Dkt. 57-62] (herein "New Counsel"). In the same order former attorneys Sam Yip and Margaret Burke of IDEA Intellectual in Martinsville, Virginia were granted leave by the court to withdraw their appearances as counsel for Defendants. It is anticipated that a Motion to withdraw will be filed shortly once the case transition is completed.

**C. Defendants' Rule 44.1 Notice:**

Pursuant to Fed. R. Civ. P. 44.1, Defendants hereby give notice that they intend to raise an issue about a foreign country's law—namely, Canadian copyright law, as the alleged copyrights at issue are Canadian copyright rights and the nature of Canadian Copyright Law differs from United States Copyright Law, such that under Canadian Law there is no exclusive right to make derivative works granted under Canadian Copyright Law. There also exists a parallel earlier filed Canadian action styled *dbrand inc v. Casetagram Limited d/b/a Casetify*, Court File No. T-2467-23, which is pending in the Canadian Federal Court in Toronto, Ontario that is addressing the validity of and scope of the Canadian registrations which will raise issues of international comity. Defendants also respectfully submit that there will be issues pertaining to the lack of extra-territorial reach of both the US Copyright Act and the Digital Millennium Copyright Act (DMCA) to issues occurring outside of the United States that will likely impact and narrow the scope of discovery, the acts to be addressed by this Court under both statutes, and the limitations on damages and potential scope of statutory damages sought under the claims in this case.

Respectfully Submitted,

| | |
|---|---|
| By */s/ Collin D. Hansen* <br> Collin D. Hansen (ARDC#: 6335991) <br> Email: chansen@wnlaw.com <br> **WORKMAN NYDEGGER** <br> 840 S Northwest Hwy, Suite 10 <br> Barrington, IL 60010 <br> (815) 353-4438 <br><br> Brian N. Platt (UT#: 17099) <br> Email: bplatt@wnlaw.com <br> **WORKMAN NYDEGGER** <br> 60 East South Temple, Suite 1000 <br> Salt Lake City, UT 84111 <br> (801) 533-9800 <br><br> *Attorneys for Plaintiff dbrand inc.* | By /s/ Kara E. F. Cenar <br> Kara E.F. Cenar (IL #6198864) <br> KCenar@ubglaw.com <br> Angela Kalsi (IL #6309372) <br> AKalsi@ubglaw.com <br> S. Patrick McKey (IL #6201588) <br> PMcKey@ubglaw.com <br> Susan Meyer (IL #6226450) <br> SMeyer@ubglaw.com <br> Rachael Rodman (OH # 0073872) <br> RRodman@ubglaw.com <br> Mary Ann Wymore (MO # 44061) <br> MWymore@ubglaw.com <br> Brett Geschke (IL # 6337873) <br> BGeschke@ubglaw.com <br> UB Greensfelder LLP |

5

200 W. Madison Street, Suite 3300
Chicago, IL 60606
(312) 419-9090

***Attorneys for Defendants***

*/s/Sam Yip*
Sam Yip (*admitted pro hac vice*)
California Bar No. 264950
IDEA Intellectual
21st Floor, Skyway Center
23 Queen's Road, W., Sheung Wan,
Hong Kong
Phone: (571) 335-1729
Email: syip@ideaintellectual.com

Margaret Burke (*admitted pro hac vice*)
New York Bar No. 2524536
IDEA Intellectual
21st Floor, Skyway Center
23 Queen's Road, W., Sheung Wan,
Hong Kong
Phone: (571) 335-7752
Email: mburke@ideaintellectual.com

***Attorneys for Defendants Casetagram Limited and Westside Lab, Inc.***

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2024, a copy of the foregoing was filed electronically with this Court. Notice of this filing will be sent by operation of the Court's CM/ECF electronic filing system to all parties indicated on the electronic filing receipt.

/s/ Kara E.F. Cenar
Kara E.F. Cenar