# EXHIBIT Z

## Filed Under Seal

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DBRAND INC., a Canadian Corporation,<br><br>*Plaintiff/Counterclaim Defendant*<br><br>v.<br><br>CASETAGRAM LIMITED *dba* CASETIFY, a Hong Kong limited liability company, and WESTSIDE LAB, INC., a California corporation, and WESTROCK SERVICES (WHOLESALE), INC.<br><br>*Defendants/Counterclaimants*. | CASE NO. 24-cv-1919-MMP-MV<br><br>**JURY TRIAL DEMANDED**<br><br>**District Judge Martha M. Pacold**<br>**Magistrate Judge Maria Valdez** |

# DECLARATION OF COLLIN D. HANSEN

I, Collin D. Hansen, declare as follows:

1. I am an attorney at the law firm Workman Nydegger PC and am counsel of record for Plaintiff dbrand inc. ("dbrand") in this matter. I am over the age of 18 and, if called, am competent to testify regarding the matters stated herein. All of the statements herein are based on my personal knowledge.

2. I make this declaration in support of dbrand's Motion to Compel, filed concurrently herewith.

3. Exhibit A hereto is a true and correct copy of correspondence between dbrand and Casetify regarding the discovery requests at issue in the accompanying Motion to Compel.

4. Exhibit B hereto is a true and correct copy of a document produced to dbrand by Casetify, titled "RFP46_Doc 0007," which contains screenshots of Slack communications [redacted]

5. Exhibit C hereto is a true and correct copy of Casetify's First Responses to dbrand's First Set of Requests for Production of Documents.

6. Exhibit D hereto is a true and correct copy of Casetify's First Responses to dbrand's First Set of Interrogatories.

7. Exhibit E hereto is a true and correct copy of Casetify's First Responses to dbrand's First Set of Requests for Admission.

8. Exhibit F hereto is a true and correct copy of Casetify's Second Responses to dbrand's First Set of Interrogatories.

9. Exhibit G hereto is a true and correct copy of Casetify's Second Responses to dbrand's First Set of Requests for Admission.

10. Exhibit H hereto is a true and correct copy of Casetify's Third Responses to dbrand's First Set of Interrogatories and Requests for Admission.

11. Exhibit I hereto is a true and correct copy of Casetify's Fourth Responses to dbrand's First Set of Interrogatories.

12. Exhibit J hereto is a true and correct copy of Casetify's Second Responses to dbrand's First Set of Requests for Production.

13. Exhibit K hereto is a true and correct copy of Casetify's First Responses to dbrand's Second and Third Sets of Requests for Production.

14. Exhibit L hereto is a true and correct copy of Casetify's First Responses to dbrand's Second Set of Interrogatories.

15. Exhibit M hereto is a true and correct copy of Casetify's Fifth Responses to dbrand's First Set of Interrogatories.

16. Exhibit N hereto is a true and correct copy of the transcript of a meet-and-confer between the parties on December 30, 2024.

17. Exhibit O hereto is a true and correct copy of the transcript of the deposition of Casetify Engineering Director, Terence Fung.

18. Exhibit P hereto is a true and correct copy of the transcript of the deposition of Casetify Head of Growth, Mike Jia.

19. Exhibit Q hereto is a true and correct copy of the transcript of the deposition of Casetify Vice President of Marketing, Joe Kwan.

20. Exhibit R hereto is a true and correct copy of the transcript of the deposition of Casetify Engineering Director, Harvey Mok.

21. Exhibit S hereto is a true and correct copy of the transcript of the deposition of Casetify Co-Founder, Ronald Yeung.

22. Exhibit T hereto is a true and correct copy of a document produced to dbrand by Casetify, titled "[redacted]" which contains screenshots of Slack communications with attachments [redacted].

23. Exhibit U hereto is a true and correct copy of a document produced to dbrand by Casetify, titled "[redacted]," which contains screenshots of Slack communications with attachments [redacted].

24. Exhibit V hereto is a true and correct copy of Casetify's First Responses to dbrand's Fourth Set of Requests for Production of Documents.

25. Exhibit W hereto is a true and correct copy of an email exchange between counsel for dbrand and counsel for Casetify concerning Casetify's production of documents.

26. Exhibit X hereto is a true and correct copy of dbrand's Rule 30(b)(6) notice to Casetify.

27. Exhibit Y hereto is a true and correct copy of dbrand's First Set of Discovery Requests with Instructions.

28. dbrand served its first discovery requests the day discovery opened on May 8, 2024. After receiving two extensions from dbrand, Casetify's initial production on July 8, 2024, consisted of 36 documents.

29. By the close of discovery, Casetify produced a total of 8,455 documents. I personally reviewed Casetify's production. The vast majority—8,415 documents—were produced on October 21, 2024, which also included a reproduction of all documents produced until that point. Casetify subsequently made four smaller productions consisting of 3, 4, 9, and 24 documents, respectively, which relate to counterclaims it purports to bring sometime in the future. Of the 8,455 total documents, 6,863 (approximately 81%) are customer invoices, including purchase orders and receipts. Additionally, 4,754 documents (approximately 56%) are exact duplicates—i.e. identical to other documents in the production. For example, the Slack messages included in Exhibit B hereto were produced at least 14 times.

30. The parties formally met and conferred at least fifteen times to discuss Casetify's discovery deficiencies on July 18, 2024, August 4, 2024, September 11, 2024, November 14, 2024, November 21, 2024, December 6, 2024, December 13, 2024, December 30, 2024, January 3, 2025, January 7, 2025, January 8, 2025, January 14, 2025, February 8, 2025, February 20, 2025, and April 24, 2025. dbrand also sent three formal discovery letters addressing deficiencies in Casetify's inadequate discovery responses. The parties also engaged in numerous phone conversations and written correspondence concerning the same.

31. Casetify noticed its depositions of dbrand's witnesses for the first week of January 2024. dbrand's witnesses travelled from Canada to Chicago to attend those depositions at Casetify's counsel's offices in Chicago at 200 W Madison. dbrand noticed its depositions of Casetify's witnesses to take place the following week (the second week of January 2024) at 500 W Madison. Casetify refused any depositions of its witnesses in Chicago and insisted that they all take place in Hong Kong. Casetify ultimately did not provide availability for its witnesses except from February 7-14, 2025, during the last week of the discovery period.

32. After the final message in the email chain shown in Exhibit A hereto, the parties attended a hearing before Judge Pacold on Plaintiffs' motion to amend the complaint. Following the hearing, dbrand's counsel proposed holding the scheduled meet and confer in Judge Pacold's attorney meeting room. Casetify's counsel declined, stating that dbrand's counsel lacked sufficient time before a return flight, despite dbrand's counsel confirming sufficient time. Casetify's counsel stated that it would instead be available to meet and confer virtually the following day. During that meeting, dbrand addressed the documents sought and the bases for why they should be produced. Casetify's counsel disagreed that any production was necessary but advised that it would discuss with Casetify and provide additional updates. Casetify provided no further updates and did not make any supplemental production.

33. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

DATED June 12, 2025.

By: /s/ *Collin D. Hansen*
Collin D. Hansen