IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DBRAND INC., a Canadian Corporation, *Plaintiff/Counterclaim Defendant* v. CASETAGRAM LIMITED *dba* CASETIFY, a Hong Kong limited liability company, and WESTSIDE LAB, INC., a California corporation, and WESTROCK SERVICES (WHOLESALE), INC. *Defendants/Counterclaimants*. | CASE NO. 24-cv-1919-MMP-MV **JURY TRIAL DEMANDED** **District Judge Martha M. Pacold Magistrate Judge Maria Valdez** |

**DBRAND'S MOTION TO FILE UNDER SEAL**

Pursuant to Local Rule 26.2, Plaintiff dbrand inc. ("dbrand") hereby moves for leave to file under seal certain documents filed concurrently herewith as part of dbrand's Motion to Compel and Motion for Sanctions. As detailed below, these documents contain information that Defendants Casetagram Limited and Westside Lab, Inc. (collectively, "Casetify") designated as Confidential Information pursuant to the Protective Order governing this case. [32].

1. **Exhibits 3–7 to the Motion for Sanctions and Exhibits O–S to the Motion to Compel**

These exhibits are the deposition transcripts of certain Casetify witnesses: Terence Fung, Mike Jia, Joe Kwan, Harvey Mok, and Ronald Yeung. At the time of these depositions, Casetify's counsel designated the entire transcripts as Highly Confidential – AEO. Thereafter, Casetify requested additional time to de-designate these transcripts (*see* [108] at 3). dbrand has followed-up with Casetify regarding these de-designations, but as of yet, Casetify has not provided any de-designated portions, and the entire transcript remains Highly Confidential – AEO. As such, dbrand requests leave to file these documents under seal in their entirety.

2. **Exhibits 8–10 to the Motion for Sanctions**

These exhibits are documents produced by Casetify in this litigation relating to the findings of Casetify's internal investigation into dbrand's allegations of infringement. Casetify produced multiple duplicate copies of each document, and in at least one instance for each document, every page was designated as Highly Confidential – AEO. As such, dbrand requests leave to file these documents under seal in their entirety.

3. **Exhibits 11 and 12 to the Motion for Sanctions and Exhibits B, T, and U to the Motion to Compel**

These exhibits are documents produced by Casetify in this litigation and contain screenshots of messages between Casetify executives and other employees concerning the

1

conception and design of the Accused Works. Casetify produced multiple duplicate copies of each document, and in some instances, every page was designated Highly Confidential – AEO. As such, dbrand requests leave to file these documents under seal in their entirety.

4. **Exhibit 28 to the Motion for Sanctions**

This exhibit is a screenshot of an email communication between Casetify and a third party, produced by that third party. Casetify also produced multiple duplicate copies of this document, and in some instances, it was marked as Confidential. As such, dbrand requests leave to file this document under seal in its entirety.

5. **Exhibit 29 to the Motion for Sanctions**

This exhibit consists of screenshots of a design file produced by Casetify. Casetify produced multiple duplicate copies of this document, and in at least one instance, it was designated as Confidential. As such, dbrand requests leave to file this document under seal in its entirety.

6. **Exhibits 34 and 35 to the Motion for Sanctions**

These exhibits are documents produced by Casetify in this litigation reflecting the sales of the Accused Products by Casetify. Casetify produced multiple duplicate copies of each document, and in at least one instance, each document was designated Highly Confidential – AEO. As such, dbrand requests leave to file these documents under seal in their entirety.

7. **Exhibit 17 to the Motion for Sanctions and Exhibit D to the Motion to Compel**

These exhibits are Casetify's initial responses to dbrand's interrogatories. The responses include an attached Exhibit A, which is marked as Confidential. As such, dbrand requests leave to file a public copy of this document with the confidential portions redacted, and a complete copy filed under seal with the redacted portions highlighted, consistent with Local Rule 26.2.

8. **Exhibit 31 to the Motion for Sanctions**

This exhibit is a comparison of each Original Teardowns compared to the corresponding Exact Matches and Final Artwork images produced by Casetify. Casetify produced multiple duplicate copies of the Final Artwork images, and in at least instance, each Final Artwork image was designated as Confidential. As such, dbrand requests leave to file a public copy of this document with the confidential portions redacted, and a complete copy filed under seal with the redacted portions highlighted, consistent with Local Rule 26.2.

9. **Exhibit 33 to the Motion for Sanctions**

This exhibit is a printout of correspondence between counsel for dbrand and counsel for Casetify concerning the scheduling of depositions and potential sanctions. Some portions of the correspondence reference information obtained from documents that Casetify designated as Confidential. As such, dbrand requests leave to file a public copy of this document with the confidential portions redacted, and a complete copy filed under seal with the redacted portions highlighted, consistent with Local Rule 26.2.

10. **Exhibit 36 to the Motion for Sanctions**

This exhibit is a declaration from dbrand's forensic expert, Mr. H. Scott Tucker. Some portions of the declaration reference information obtained from forensic images that Casetify designated as Highly Confidential – AEO. As such, dbrand requests leave to file a public copy of this document with the confidential portions redacted, and a complete copy filed under seal with the redacted portions highlighted, consistent with Local Rule 26.2.

11. **Exhibit 37 to the Motion for Sanctions and Exhibit Z to the Motion to Compel**

These exhibits are declarations from dbrand's counsel, Mr. Collin Hansen. Some portions reference information obtained from documents and deposition testimony that Casetify has

3

designated as Confidential or Highly Confidential – AEO. As such, dbrand requests leave to file a public copy of these documents with the confidential portions redacted, and a complete copy filed under seal with the redacted portions highlighted, consistent with Local Rule 26.2.

**12. Exhibit A to the Motion to Compel**

This exhibit is a printout of email correspondence between counsel for dbrand and counsel for Casetify concerning the documents sought in the Motion to Compel. Portions of this correspondence reference facts learned from deposition testimony, which Casetify has designated as Highly Confidential – AEO in its entirety. As such, dbrand requests leave to file a public copy of this document with the confidential portions redacted, and a complete copy filed under seal with the redacted portions highlighted, consistent with Local Rule 26.2.

**13. Exhibit N to the Motion to Compel**

This exhibit is the transcript of a meet-and-confer between the parties held on December 30, 2024. Portions of the transcript include a discussion of information from a forensic image that Casetify has marked as Highly Confidential – AEO. As such, dbrand requests leave to file a public copy of this document with the confidential portions redacted, and a complete copy filed under seal with the redacted portions highlighted, consistent with Local Rule 26.2.

**14. The Motion for Sanctions and the Motion to Compel**

Portions of these motions contain screenshots, direct quotations, and other references to information obtained from each of the foregoing exhibits that were designated as Confidential or Highly Confidential – AEO by Casetify. As such, dbrand requests leave to file a public copy of these motions with the confidential portions redacted, and a complete copy filed under seal with the redacted portions highlighted, consistent with Local Rule 26.2.

\* \* \*

For these reasons, there is good cause for dbrand to file under seal the foregoing documents and portions of documents, consistent with the requirements of Local Rule 26.2, and dbrand respectfully requests that the Court grant this motion.

DATED June 13, 2025.

Respectfully submitted,

By: /s/ *Collin D. Hansen*
Collin D. Hansen (ARDC#: 6335991)
Email: chansen@wnlaw.com
**WORKMAN NYDEGGER**
840 S Northwest Hwy, Suite 10
Barrington, IL 60010
(801) 322-8464 (Telephone)

Brian N. Platt (*pro hac vice*)
Email: bplatt@wnlaw.com
Chad E. Nydegger *(pro hac vice)*
Email: cnydegger@wnlaw.com
Kenneth J. Dyer *(pro hac vice)*
Email: kdyer@wnlaw.com
Ryan C. Morris *(pro hac vice)*
Email: rmorris@wnlaw.com
**WORKMAN NYDEGGER**
60 East South Temple, Suite 1000
Salt Lake City, UT 84111
(801) 533-9800 (Telephone)

*Attorneys for Plaintiff dbrand inc.*

5

**CERTIFICATE OF CONFERENCE**

      dbrand hereby certifies that it conferred with counsel for Casetify on June 4, 2025, regarding the need protect Casetify's confidential information by filing under seal. The parties held a meet-and-confer by video conference that lasted approximately 1 hour, during which the parties also discussed the bases for dbrand's concurrent motions for sanctions and to exceed the page limit. After dbrand informed Casetify of the bases for the motion, including its reliance on Casetify's deposition testimony and other confidential information and documents, Casetify first raised the issue of the need to protect such information by filing under seal. The parties agreed that the filings should be made under seal consistent with the Local Rules of this District.

                                                                                                 */s/ Collin D. Hansen*

**CERTIFICATE OF SERVICE**

I hereby certify that on the June 13, 2025, I filed the foregoing **MOTION TO FILE UNDER SEAL** through this Court's electronic filing system, which sent electronic notification of this filing to all counsel of record.

/s/ Collin D. Hansen