**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DBRAND INC., A Canadian Corporation,** | ) | |
| **Plaintiff,** | ) | **No. 24 C 1919** |
| **v.** | ) | **Magistrate Judge Maria Valdez** |
| **CASTEGRAM LIMITED dba CASETIFY, a Hong Kong limited liability company, and WESTSIDE LAB, INC., a California corporation, and WESTROCK SERVICES (WHOLESALE), INC.,** | ) | |
| **Defendants.** | ) | |

**ORDER**

Before the Court is Defendant Westside Lab, Inc.'s Motion for Leave to Serve Additional Interrogatories upon Plaintiff [Doc. No. 161]. For the reasons that follow, the motion is granted in part.

**BACKGROUND**

Relevant to the instant motion, Plaintiff filed its Original Complaint in March 2024 alleging copyright infringement. In October 2024, Movant Westside served its interrogatories on Plaintiff. In January 2025, Plaintiff moved for leave to amend its complaint before the District Court, which Defendants Casetagram and Westdside opposed.[1] While the motion for leave to amend the complaint was

[1] At this point in time, Defendant Westrock was not a party to this case.

pending, Defendants filed a motion for a protective order regarding depositions, asking this Court to delay several already noticed depositions because, given that the motion for leave to amend the complaint had not yet been granted, Defendants could not know which complaint would serve as the operative complaint. This Court reviewed both the Original Complaint and the proposed Amended Complaint and denied Defendants' motion for a protective order, finding that if Plaintiff was granted leave to amend the complaint, the scope of discovery with respect to the then-existing Defendants would not be substantially altered.

The Amended Complaint would add Westrock as a defendant, alleging that Westside and Westrock are alter egos of Casetagram. The proposed amendments to the complaint would also separate the copyright infringement claims into 32 separate counts—16 counts under a theory of direct liability against all Defendants and 16 counts under a theory of secondary liability against only Defendant Casetagram for the actions of Westside, Westrock, and Best Buy because Casetagram allegedly caused them to distribute the allegedly infringing works. After briefing and oral argument on the motion for leave to amend the complaint, in April 2025, Plaintiff was granted leave to amend its complaint. The District Court found that the Amended Complaint was "basically resting on the same underlying factual allegations and . . . it's more of a rearrangement or repleading of legal theories." (Doc. No. 112 at 60:21-61:11.) The District Court summarized the amendments to the complaint as follows: (1) dropping the "standalone copyright

claims," (2) "add[ing] Westrock as a defendant," and (3) "rearranging" the claims into separate counts." (*Id.* at 57:23-61:11.)

Westside has moved for leave to issue 96 additional interrogatories, three for each of the "32 new causes of action brought against Westside." (Westside Br. at 2.) Westside explains that it "previously served interrogatories upon [Plaintiff] asking for specificity as to the acts that Westside . . . is accused of doing that violates the DCMA." (*Id.* at 3.)

Plaintiff opposes the motion, citing this Court's and the District Court's findings that the Amended Complaint does not substantially alter the scope of the case. It also argues that adding Westrock as a defendant does not affect the scope of discovery, especially with respect to Movant Westside. It further points out that only 16 of the 32 claims pertain to Westside, and those claims are the same allegations alleged in the Original Complaint—they are merely split up into separate claims. Finally, it explains that the alter ego allegations in the Amended Complaint are the same as those alleged in the Original Complaint, except for the new allegation that Westrock is part of that relationship.

Westside's categorizes its proposed interrogatories and reasons for seeking leave to propound them as follows:

1. Interrogatories seeking specific Copyright Management Information ("CMI") on each of eight of the accused works for which Plaintiff provides images in the Amended Complaint. Westside contends that this is basic information at

the center of each and every count and easy for Plaintiff to provide. (*See* Westside Reply at 4-5.)

2. Interrogatories inquiring about Plaintiff's allegations that Westside was incorporated to perpetuate fraud, avoid personal liability, or circumvent the law with respect to each series of the accused works. Westside contends that this information is necessary for Westside to defend itself. (*See id.* at 11.)
3. Interrogatories requesting that Plaintiff identify all facts, documents, or individuals with knowledge regarding how Westside is an alter ego of Casetagram. Westside contends that this information is necessary for Westside to defend itself. (*See id.*)
4. Interrogatories requesting that Plaintiff identify all facts, documents, or individuals with knowledge regarding how Westside is an alter ego of Westrock with respect to each series of the accused works. Westside contends that this information is necessary for Westside to defend itself. (*See id.* at 11-12.)
5. Interrogatories inquiring about non-alter-ego-related acts by Westside with respect to each series of the accused works. Westside contends that it is entitled to this basic information regarding the claims against it. (*See id.* at 12-13.)
6. Interrogatories inquiring about whether Plaintiff contends that Westside removed CMI with respect to each series of the accused works. Westside

contends that it is entitled to this basic information regarding the claims against it. (*See id.* at 14-15.)

7. Interrogatories inquiring about whether Plaintiff contends Westside that distributed or imported each of the accused works. Westside contends that it is entitled to this basic information regarding the claims against it. (*See id.* at 15-16.)
8. Interrogatories inquiring about whether Plaintiff contends that Westside had any knowledge of Digital Millenium Copyright Act violations with respect to each series of the accused works. Westside contends that it is entitled to this basic information regarding the claims against it. (*See id.* at 16-17.)
9. Interrogatories inquiring about whether Plaintiff contends Westside had the intent to violate the DMCA. Westside contends that it is entitled to this basic information regarding the claims against it. (*See id.* at 17-18.)
10. Interrogatories inquiring about what damages Plaintiff is seeking specifically from Westside. Westside contends that it is entitled to this basic information regarding the claims against it. (*See id.* at 18-19.)

## DISCUSSION

Under the Federal Rules of Civil Procedure, a party is entitled to serve a maximum of 25 interrogatories. Fed. R. Civ. P. 33(a)(1). A court may grant leave to serve additional interrogatories. *Id.* However, a court must limit discovery if (i) "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; (ii)

"the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"; or (iii) the burden or expense outweighs the likely benefit of the discovery. Fed. R. Civ. P. 26(b)(2)(C). The party seeking leave "must set forth a 'particularized showing' to exceed the limit of twenty-five interrogatories." *Howard v. Urban Inv. Trust, Inc.*, No. 03CV7668, 2011 U.S. Dist. LEXIS 28160, *6 (N.D. Ill. Mar. 18, 2011).

In the Original Complaint, Plaintiff alleged that Westside infringed on its copyrighted works. (*See* Orig. Compl. at 33-35.) It alleged that Westside removed or altered the CMI on the accused works. (*See id.* at 35-36.) It alleged that Westside is a sham corporation and an alter ego of Casetagram. (*See id.* at 12.) It alleged non-alter-ego-related acts by Westside with respect to the accused works. (*See generally id.*) It alleged that Westside imported and distributed the accused works. (*See id.* at 10, 13.) It alleged that Westside violated the DMCA. (*See e.g.*, *id.* at 35-37.) And it sought damages from Westside. (*See id.* at 38.) In other words, the only new allegation in the Amended Complaint with respect to Westside is that it is an alter ego of the newly added defendant Westrock. Thus, with the exception of the new discovery Westside seeks relating to the allegation that it is an alter ego of Westrock, Westside has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C). Accordingly, Westside's request to propound the interrogatories listed above in categories 1, 3, and 5-10 is denied.

With respect to the only remaining categories—categories 2 and 4—Westside seeks information relating to the allegation that it is an alter ego of Westrock and

requests that Plaintiff identify all facts, documents, or individuals with knowledge regarding how Westside is an alter ego of Westrock with respect to each series of the accused works. Because this is a new allegation, Westside should be allowed to propound interrogatories relating to this allegation. However, propounding separate interrogatories for each series of the accused works would be "unreasonably cumulative or duplicative," and frankly does not make sense. *Id.* Plaintiff either contends that Westside is an alter ego of Westrock or it does not—the allegation is not made separately with respect to each series of the accused works. Accordingly, Westside is granted leave to issue five additional interrogatories inquiring into the allegation that it is an alter ego of Westrock and requesting that Plaintiff identify all facts, documents, or individuals with knowledge regarding how Westside is an alter ego of Westrock. Beyond that, Westside has not made a particularized showing as to why it should be allowed to exceed the limit of twenty-five interrogatories. *See Howard*, 2011 U.S. Dist. LEXIS 28160 at *6.

## CONCLUSION

For the foregoing reasons, Defendant Westside Lab, Inc.'s Motion for Leave to Serve Additional Interrogatories upon Plaintiff [Doc. No. 161] is granted in part. Westside is granted leave to serve five additional interrogatories consistent with this opinion.

**SO ORDERED.**

**ENTERED:**

**DATE: August 11, 2025**

**HON. MARIA VALDEZ**
**United States Magistrate Judge**