**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DBRAND INC., a Canadian Corporation,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 24 C 1919** |
| | ) | |
| **v.** | ) | **Magistrate Judge Maria Valdez** |
| | ) | |
| **CASTEGRAM LIMITED dba CASETIFY, a Hong Kong limited liability company, and WESTSIDE LAB, INC., a California corporation, and WESTROCK SERVICES (WHOLESALE), INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Before the Court is Plaintiff DBrand's Motion to Compel [Doc. No. 136]. For the reasons that follow, the motion is granted in part and denied in part.

## BACKGROUND

This is an action for copyright management information ("CMI") violations arising under the Digital Millenium Copyright Act. Plaintiff alleges that Defendants copied its original designs for phone and device cases, made nominal changes, removed and falsified CMI, and sold the final product in the United States. Relevant to the instant motion, Plaintiff claims that Defendants Casetagram and Westside have engaged in spoliation, withheld evidence, and certified false

discovery responses.[1] Contemporaneously with the instant motion, Plaintiff filed a motion for sanctions against Defendants alleging the same discovery misconduct. Because the motion for sanctions seeks case terminating sanctions, this Court defers to the judgment of the District Court for a ruling on that motion. Because the motions are intertwined, however, this Court must discuss the motion for sanctions where relevant.

Plaintiff explains that Defendants initially responded that many categories of documents Plaintiff sought were not in Defendants' possession, custody, or control. Plaintiff alleges that it repeatedly proved that to be false, after which Defendants supplemented their production and amended their responses to say that investigation continues and that it would provide a supplemental rolling production beginning October 21, 2024. Plaintiff says that production never came.

The parties met and conferred several times, during which Defendants continued to claim it did not have some documents, and it was still searching for others. During Plaintiff's depositions of Defendants' witnesses in February 2025, Plaintiff claims that the witnesses referenced multiple categories of documents that Defendants had claimed did not exist. When confronted with this fact, Defendants said they "would take it under advisement," but never supplemented their production. Plaintiff continued to follow up via email through April 2025, culminating in a final meet and confer in which Defendants' counsel said no further

[1] Plaintiff does not make these allegations against Defendant Westrock in the instant motion. For the purposes of this order, "Defendants" shall refer only to Casetagram and Westside.

production was necessary, but that it would discuss with Defendants and provide an update. No further updates or production came, and Plaintiff filed the instant motion.

**DISCUSSION**

District courts enjoy extremely broad discretion in controlling discovery. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Patterson v. Avery Dennison Corp*, 281 F.3d 676, 681 (7th Cir. 2002). The Federal Rules permit discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1). This encompasses any matter that affects or could affect anything at issue in the litigation. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The party objecting to a discovery request bears the burden of demonstrating why such discovery is improper. *Computer Assocs. Int'l, Inc. v. Quest Software, Inc.*, No. 02C4721, 2003 U.S. Dist. LEXIS 16378, *3 (N.D. Ill. Sept. 16, 2003.) The Federal Rules allow parties to file a motion seeking an order to compel discovery if the other party resists its good faith efforts. *See* Fed. R. Civ. P. 37(a). But discovery requests made after a discovery cutoff date are barred as untimely. *See Tapia v. City of Chi.*, No. 19C1257, 2021 U.S. Dist. LEXIS 238077 (N.D. Ill. Dec. 13, 2021).

As a threshold matter, one of the categories of documents Plaintiff seeks—drafts of the accused works—touches upon issues raised in the motion for sanctions. Additionally, certain communications in two other categories—(1) communications related to the accused works and communications concerning the design of the

accused works and (2) other communications containing the term "inside out" (the name of the allegedly infringing line of products)—touch upon these same issues. The motion for sanctions is before the District Court. This Court will not rule on those documents and communications to avoid the possibility of inconsistent rulings. *See, e.g.*, *Cont'l Auto. Sys., U.S. v. Omron Auto. Elecs., Inc.*, No. 14C3731, 2014 U.S. Dist. LEXIS 84080, *6 (N.D. Ill. June 20, 2014). The Court will address the remaining categories in turn.

**1. Communications related to the accused works and communications concerning the design of the accused works.**

The parties' respective briefs somewhat comingle their arguments with respect to two related categories of documents. Therefore, the Court must address these two categories together.

Plaintiff requested Slack messages and emails relating to the accused works, but Defendants only produced two Slack conversations and said it would search for and produce more as part of its rolling production." (Pl. Br. at 5-6.) It has requested the "complete Slack threads" for the accused works "in original file format . . . with all original metadata retained," but claims that Defendants have produced only an excerpt of the relevant communications. (Pl. Br. at 7.) Plaintiff says that the deposition of one of Defendants' witnesses revealed that there are more responsive communications. (*Id.* at 6.)

Defendants claim that because the Amended Complaint only contains claims for acts occurring inside the United States, only the final versions of the accused works are relevant, and that it has produced all reasonable responsive materials.

(Resp. Br. at 9.) They also contend that any communications with Best Buy were already produced by Best Buy, so those communications are redundant and unnecessary. (*Id.*) Defendants say that they did not retain some of the sought communications consistent with standard business procedures. (Resp. Br. at 9.)[2] They also claim that under Hong Kong's privacy laws, where Defendants are located, that they would either have to obtain each individual's consent or else violate the privacy laws with respect to some of the communcations. (*Id.* at 10-11.) They claim that producing the entirety of the sought communications, unlimited in temporal scope, and reviewing them for privilege would be unduly burdensome. Finally, they say they cannot search the Slack messages.

Plaintiff contests Defendants' extraterritoriality argument and the applicability of Hong Kong's Privacy laws. (Reply. Br. at 4-8.) It also explains that Slack is easily searchable.

First, Defendants' extraterritoriality argument is unavailing. Regardless of where the drafts were created or communications regarding drafts were made, they are plainly relevant to the claims and defenses in this case. *See* Fed. R. Civ. P. 26(b)(1). The Court has also reviewed the cited Hong Kong privacy laws and finds that they are inapplicable and regardless, do not excuse Defendants from their discovery obligations. *See Societe Nat'l Industrielle Aerospatiale v. U.S. Dist. Of Iowa*, 482 U.S. 522, 544 (1987). As to any documents already produced by Best Buy,

---

[2] Defendants cite the same act that caused them to lose the drafts of the accused works as a reason they failed to retain the sought communications. For the reasons already explained, the Court will not address this argument and will not rule on these communications.

Defendants cite no case law for the proposition that they need not produce those documents and merely perfunctorily declare that the request is redundant and unnecessary. Thus, that argument is deemed waived. *Pelfresne v. Village of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1990) ("A litigant who fails to press a point by supporting it with pertinent authority or by showing why it is sound despite a lack of supporting authority forfeits the point.")

Finally, Defendants say they cannot search the Slack messages. Plaintiff points the Court to several resources provided by Slack itself that explain how to search Slack. Plaintiff also notes that at least one of Defendants' witnesses knows how to do this as evidenced in his deposition. Moreover, even if Defendants cannot search Slack, they can request the documents from Slack. Thus, the Court finds Defendants' argument without merit.

Defendants are ordered to produce all documents and communications in these categories that purportedly are not unavailable due to the act that caused them to lose the drafts of the accused works. To the extent Plaintiff's requests for these categories of communications are unlimited in temporal scope, the Court imposes the same temporal scope Plaintiff used to narrow its other communications requests—May 1, 2023 to July 31, 2023.

**2. Other communications containing the term "inside out" (the name of the allegedly infringing line of products).**

Plaintiff says that it requested Slack messages containing the term "inside out," that Defendants said none exist, and that this was proven false in one of Defendants' witnesses' depositions. (Pl. Br. at 8-9.) Defendants respond that they

produced all such communications discovered by a reasonable search within the constraints of Hong Kong's privacy laws. (Resp. Br. at 12-13.)

For the same reasons explained with respect to the previous category, Defendants' arguments are unavailing. Defendants are ordered to produce all documents and communications in this category that purportedly are not unavailable due to the act that caused them to lose the drafts of the accused works from May 1, 2023 to July 31, 2023.

**3. Documents and communications concerning the "shippers" (cardboard advertisers placed in Best Buy stores).**

Plaintiff explains that Defendants produced some of the requested documents and communications, but it learned in one of Defendants' witnesses' depositions that there are more. (Pl. Br. at 9-10.)

Defendants respond that of the document requests that purportedly seek these documents and communications, only document request No. 25 does so "arguably and tangentially at best," but that this is "not a fair reading" of the request. (Resp. Br. at 14.) They also claim that between them and Best Buy, they have already produced enough of the requested documents and communications, (*id.* at 13-14), and that anything more is overly broad, unduly burdensome, and disproportionate to the needs of the case. (*Id.* at 14-15.)

If no document request actually seeks these documents and communications, it is difficult to understand why Defendants have produced some such documents. Moreover, Defendants do not provide any factual basis to show why or how producing the documents would be unduly burdensome or disproportionate to the

needs of the case. And, because the request only seeks information on the shippers at issue in this case, even if the request is unlimited in temporal scope, it would still be necessarily limited to the relevant time period for this case. Defendants are ordered to produce the documents and communications in this category.

**4. Documents concerning the computers assigned to the designers of the accused works.**

Plaintiff issued a written request for "all asset management records for all computers assigned to the designers of the Accused Works" and "all documents and communications concerning the collection, factory resetting, erasure, reassignment, and recycling of all computers assigned to the designers of the Accused Works." (Resp. Br. at 15.) Defendants assert that this request was not issued until after the close of discovery. (*Id.*)

In response to Defendants' assertion that this request was not issued until after the close of discovery, Plaintiff concedes this point, responding that it did not know such documents existed until it learned of them in one of Defendants' witnesses' depositions late in discovery, that it issued a 30(b)(6) topic on this information prior to the close of discovery, and that the witness was unprepared to discuss it.

Because Plaintiff issued the 30(b)(6) topic on this information prior to the close of discovery and Defendant did not produce a prepared witness, the Court finds that Plaintiff timely requested the information, and the motion is granted with respect to this category. Defendants are ordered to produce all asset management records for all computers assigned to the designers of the accused

works and all documents and communications concerning the collection, factory resetting, erasure, reassignment, and recycling of all computers assigned to the designers of the accused works.

**5. Documents showing the timing of the design process of the accused works.**

Plaintiff asserts that it has requested information relating to the timing of the design process of the accused works from the outset of this litigation, that Defendants initially claimed they could not identify the dates when the process started or ended, and that this claim was later proved false in one of Defendants' witnesses' depositions. (Pl. Br. at 10-11.)

Defendant says that Plaintiff has made a specific request for all records from Casetagram's Content Management System ("CMS") concerning all drafts of the accused works, and that this request is untimely. (Resp. Br. at 16-17.) It also says that the deposition testimony that Plaintiff claims proves that the requested information exists only proves that it *may* exist. It maintains that it is not in possession of the timestamped records Plaintiff seeks. (*Id.* at 17.)

Plaintiff responds that the CMS records are responsive to the original timely request relating to the timing of the design process of the accused works—namely Interrogatory No. 1. (Reply Br. at 14.) Interrogatory No. 1 requests that Defendants "[d]escribe in detail the process of conceiving, designing, and creating each Accused Work, including the dates this process took place and the persons involved and their roles." (Ex. D to Pl. Br.)

The Court finds that the CMS records are responsive to Plaintiff's timely request. Plaintiff's motion is granted with respect to this category. Defendants are ordered to produce all records from Casetagram's CMS concerning all drafts of the accused works.

**6. Contracts between Defendants.**

Plaintiff asserts that it has requested these documents, as they are relevant to its alter ego allegations, and that Defendants have refused to produce them. (Pl. Br. at 11-13.) Defendants claim that the requests are overly broad, unduly burdensome, disproportionate to the needs of the case, seek irrelevant information, seek highly proprietary confidential competitive information, and are unlimited in temporal scope. Plaintiff responds that the request is temporally limited to the period of design through the filing of the instant lawsuit, and all of the other objections are made in bad faith. (Reply Br. at 14-15.)

The Court notes that Plaintiff's motion seeks all contracts between Defendants for an unlimited temporal scope, but that Plaintiff originally requested the contracts from April 1, 2023 to March 31, 2024. However, Defendants provide no factual basis for these objections to demonstrate how or why this is the case. Thus, the motion is denied as to the request that is unlimited in temporal scope as untimely but is granted with respect to contracts from April 1, 2023 to March 31, 2024, which are relevant to Plaintiff's alter ego claims. To the extent the request

seeks confidential information, Defendants may designate that information confidential under the parties' protective order.[3]

**7. Purchase orders between Casetagram and Westrock.**

Plaintiff claims it timely made requests that include this information and that Defendants have refused to produce the information. (Pl. Br. at 14; Reply Br. at 14-15.) Defendant claims the specific requests using the term "purchase orders" were untimely. (Resp. Br. at 19.) Plaintiff responds that it timely served requests that encompass purchase orders, citing several production requests. One of the cited requests seeks "[a]ll communications between Casetagram, Westside, and Westrock concerning the . . . sale . . . of the Accused Works from April 1, 2023 — March 31, 2024." (Ex. C to Pl. Br.)

The Court finds that this request encompasses the purchase orders. Thus, the motion is granted with respect to the purchase orders, but only within the temporal scope set forth in this production request.

**8. The corporate structure of Defendants.**

Plaintiff claims it timely made requests that include this information and that Defendants have refused to produce the information. (Pl. Br. at 14; Reply Br. at 14-15.) Defendant claims the specific requests for Defendants "complete corporate structures" were untimely. (Resp. Br. at 19.) Defendant also claims that this document would have to be created, which is not required by the rules. (*Id.*)

[3] For the avoidance of doubt, the Court is not ruling on the legitimacy of any such designation, which Plaintiff may or may not come to dispute.

Plaintiff responds that it timely served requests that encompass the corporate structures of Defendants, citing several production requests. The Court finds that documents showing the corporate structure of Defendants are responsive to the timely requests. Thus, the motion is granted with respect to this category, and Defendants must produce existing documents reflecting their corporate structure. Defendants need not create anything.

**9. The "ultimate beneficial owner" of Defendants.**

Plaintiff does not contend that it ever specifically requested this information, but that its previous requests include this information. (Pl. Br. at 14; Reply Br. at 14-15.) Defendant says this information was never requested, and that regardless, Plaintiff already has documents that disclose the parent companies of Defendants. Plaintiff responds that it timely served requests that encompass this request, citing the same production requests as the previous category. (Resp. Br. at 19.) The Court has reviewed Plaintiff's timely requests and finds that none explicitly seek this information. However, the Court ordered Defendants to produce existing documents relating to their corporate structure in relation to the previous category. To the extent those documents contain the sought information, they have already been ordered produced, but Defendants need not produce documents in addition to those documents reflecting their corporate structure, as anything more was not timely requested.

## CONCLUSION

For the foregoing reasons, Plaintiff DBrand's Motion to Compel [Doc. No. 136] is granted in part and denied in part. Defendants are hereby ordered to produce documents consistent with this opinion.

**SO ORDERED.**

**DATE: August 15, 2025**

**ENTERED:**

**HON. MARIA VALDEZ**
**United States Magistrate Judge**