**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DBRAND INC., a Canadian Corporation, *Plaintiff/Counterclaim Defendant* v. CASETAGRAM LIMITED *dba* CASETIFY, a Hong Kong limited liability company, and WESTSIDE LAB, INC., a California corporation, and WESTROCK SERVICES (WHOLESALE), INC. *Defendants/Counterclaimants*. | CASE NO. 24-cv-1919-MMP-MV **JURY TRIAL DEMANDED** **District Judge Martha M. Pacold Magistrate Judge Maria Valdez** |

**DBRAND'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL
BRIEF ON ITS MOTION FOR SANCTIONS**

Plaintiff dbrand inc. ("dbrand") respectfully moves for leave to file a supplemental brief in support of its pending motion for sanctions against Defendants Casetagram Limited and Westside Lab, Inc. (collectively, "Casetify"). When dbrand filed its motion for sanctions [135] (the "Original Sanctions Motion"), it contemporaneously filed a separate motion to compel [137] concerning categories of documents Casetify had withheld. The motions addressed distinct misconduct: the Original Sanctions Motion concerned Casetify's destruction, spoliation, and falsification of evidence, while the motion to compel addressed Casetify's refusal to produce separate, discoverable materials. The Court granted the motion to compel in substantial part. *See* [211]. Unexpectedly, that production revealed documents that are highly relevant to the Original Sanctions Motion, including key evidence of Casetify's duty to preserve, spoliation, and knowing perjury. Accordingly, good cause exists for dbrand to supplement its sanctions briefing.

I. INTRODUCTION

As set forth in dbrand's Original Sanctions Motion, Casetify has engaged in egregious discovery misconduct, including spoliation, perjury, and withholding critical evidence. That motion already establishes ample grounds for severe sanctions, including default judgment. *See* [135]. The materials produced as a result of the Court's order compelling production (*see* [211]) deepen that record—providing further, independent proof of Casetify's bad faith and confirming that its discovery misconduct was not accidental or isolated, but deliberate and ongoing.

The most significant new evidence comes from internal Slack communications and their attachments. Critically, these materials were produced directly by Slack to Casetify's counsel and their designated "Slack expert." They were not first screened by Casetify itself before being provided to counsel. As a result, Casetify did not have the chance to do what it did throughout discovery: spoliate evidence, conceal harmful documents, and fabricate narratives to fill the

1

resulting evidentiary gaps. In other words, these materials are before the Court now because they were produced without first passing through Casetify's hands.

dbrand specifically and narrowly sought these same documents during discovery. *See* [137] at 6. Casetify repeatedly represented that no responsive Slack communications existed beyond two isolated messages. *See id*. Those representations were false. During depositions in the last week of discovery, Casetify's own witnesses referenced Slack communications that were plainly relevant but never produced. *See id.* at 6–10. Even then, however, Casetify refused to produce the documents, forcing dbrand to file its motion to compel, upon which the Court compelled the production of the improperly withheld Slack messages. *See* [211].

The substance of the new evidence is damning. It demonstrates that Casetify knew then—and knows now—how the Accused Works were conceived, sourced, and designed. This evidence squarely contradicts Casetify's original (now abandoned) narrative of independent creation and its current claim that the design process "is not part of the company's present knowledge"—both of which were repeatedly made under penalty of perjury. *See* [135] at 20–21. Casetify was previously adamant that such Slack communications did not exist at all. *See* [137] at 2–3. The only reason this evidence is now before the Court is because Casetify was not given the chance to conceal it.

Accordingly, and for the reasons set forth below, dbrand seeks leave to file the proposed brief, attached as Exhibit A, to supplement the Original Sanctions Motion.

## II. LEGAL STANDARD

This Court has inherent authority to "provide for submitting … briefs" and "to set a briefing schedule." *See* Fed. R. Civ. P. 78(b); L.R. 78.3; *Stout Risius Ross, Inc. v. People Care Holdings, Inc.*, No. 15 C 9298, 2016 WL 4593824, at *2 (N.D. Ill. Sept. 2, 2016) (concerning supplemental briefing, "the court has the inherent discretion as to how to proceed").

Supplemental briefing is permitted where it "vouchsafes the aggrieved party's right to be heard and provides the court with the information necessary to make an informed decision." *See In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 329 (N.D. Ill. 2005); *see also Pampered Chef v. Alexanian*, No. 10 C 1399, 2011 WL 13551975, at *1 (N.D. Ill. May 31, 2011) ("ensures the aggrieved party's right to be heard and the court's vital interest in having a full presentation from both sides"). This is appropriate where material evidence emerges after the original briefing is completed. *See e.g.*, *In re Loc. TV Advert. Antitrust Litig.*, No. 18 C 6785, 2023 WL 1863046, at *4 (N.D. Ill. Feb. 9, 2023) (court granted "leave to provide supplemental briefing on this motion following third-party discovery conducted since the original filing of this motion").

### III. ARGUMENT

The new evidence underlying this motion (collectively, "New Evidence") is material to the issues raised in the Original Sanctions Motion. As explained in more detail in dbrand's Proposed Supplemental Brief, attached as Exhibit A, the New Evidence relates to the following categories, which are addressed below: (a) Casetify's duty to preserve evidence; (b) Casetify's spoliation of evidence; (c) Casetify's withholding of key evidence; and (d) Casetify's perjury.

#### A. Casetify's Duty to Preserve Evidence

As addressed in the Original Sanctions Motion, Casetify had a duty to preserve evidence no later than November 24, 2023—when it became aware of dbrand's copyright allegations and publicly acknowledged them. *See* [135] at 23–25. The New Evidence reveals that Casetify's anticipation of litigation by dbrand—and thus its preservation obligation—arose ▌

3

██████████████████████████████████████████████████████████ This evidence confirms that Casetify's preservation obligations were triggered long before it spoliated critical evidence—further underscoring the willful nature of its spoliation and other discovery misconduct.

### B. Casetify's Spoliation of Evidence

The Original Sanctions Motion details numerous instances of willful spoliation, including the destruction of the design files for the Accused Works, the wiping of all other data from the designers' computers, and the removal of the Inside Out Collection page from the Internet Archive. *See* [135] at 9–15. The New Evidence further confirms that the design files did in fact exist and were spoliated. It also adds that one of the designers' computers was wiped and destroyed ████ ██████████. In addition, the New Evidence reveals further acts of spoliation, including a presentation which ██████████████████████████████████ ████████████—of which only two screenshots remain—as well as the destruction of computer data belonging to ████████████ whom Casetify never disclosed in discovery.

### C. Casetify's Withholding of Key Evidence

During discovery, Casetify repeatedly asserted—dozens of times and under penalty of perjury—that it had no drafts of the Accused Works, that it never copied dbrand's works, and that it did not know of any source images for the Accused Works. *See* [135] at 15–16. dbrand later discovered links to precisely those materials embedded in the metadata of other files: draft versions of each Accused Work that are exact digital copies of dbrand's works, with altered CMI (the "Exact Matches"). *See* [135] at 16. These were discovered and produced ***by dbrand*** even while Casetify denied their existence. The New Evidence confirms that Casetify unequivocally █████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████

4



. Casetify ultimately withdrew these designs

This record establishes beyond doubt that Casetify knew about the Exact Matches but withheld them and lied about their existence in discovery.

The New Evidence also reveals another instance of Casetify withholding evidence: the identity of

. The New Evidence confirms that Casetify knew of her role all along. And unlike the other ▮, this individual remained employed by Casetify for months *after* this lawsuit was filed, yet Casetify never disclosed her identity in discovery. She has since left the company, declined contact by dbrand, and—like the other former employees in Hong Kong—can no longer be compelled to testify, further compounding the prejudice caused by Casetify withholding this evidence.

### D. Casetify's Perjury

As detailed in the Original Sanctions Motion, Casetify committed dozens of instances of perjury concerning the core issues in this case: the design process for the Accused Works, the source images used, the identities of the designers, and the existence of key documents. *See* [135] at 18–22. The New Evidence provides additional support for each of these issues, confirming that Casetify lied throughout discovery. It also exposes additional instances of perjury by Casetify's Rule 30(b)(6) witnesses, demonstrating that their false testimony extended beyond corporate knowledge to matters within their own personal knowledge and direct involvement.

## IV. CONCLUSION

In sum, the New Evidence is unquestionably material to the Original Sanctions Motion. It

5

bears directly on Casetify's duty to preserve evidence, its spoliation, its withholding of evidence, and its repeated and egregious perjury. It also underscores the ongoing and incurable prejudice to dbrand and the Court resulting from Casetify's misconduct. This evidence was not available when dbrand filed the Original Sanctions Motion because Casetify improperly withheld it in discovery.

dbrand, therefore, respectfully requests leave to file the Proposed Supplemental Brief, attached as Exhibit A, as a supplement to the Original Sanctions Motion. If the Court allows Casetify to respond—despite the fact that, as the Court found, Casetify improperly withheld the predicate evidence—then dbrand respectfully requests that the Court set a supplemental briefing schedule in the ordinary sequence, allowing a supplemental reply from dbrand, consistent with standard motion practice and particularly appropriate where the need for supplementation arises from evidence improperly withheld by the non-moving party. To ensure focused and efficient briefing, dbrand further requests that any supplemental response and reply be limited in scope to the New Evidence and the corresponding issues raised for the first time in the supplemental briefing and not attempt to re-argue issues from the original briefing.

For these reasons, dbrand respectfully requests that the Court grant this motion for leave and allow supplementation of the sanctions record accordingly.

DATED January 6, 2026.

          Respectfully submitted,

          By: /s/ *Collin D. Hansen*
          Collin D. Hansen (ARDC#: 6335991)
          Email: chansen@wnlaw.com
          **WORKMAN NYDEGGER**
          840 S Northwest Hwy, Suite 10
          Barrington, IL 60010
          (801) 533-9800 (Telephone)

          Brian N. Platt (*pro hac vice*)
          Email: bplatt@wnlaw.com
          Chad E. Nydegger *(pro hac vice)*
          Email: cnydegger@wnlaw.com
          Kenneth J. Dyer *(pro hac vice)*
          Email: kdyer@wnlaw.com
          Ryan C. Morris *(pro hac vice)*
          Email: rmorris@wnlaw.com
          **WORKMAN NYDEGGER**
          60 East South Temple, Suite 1000
          Salt Lake City, UT 84111
          (801) 533-9800 (Telephone)

          *Attorneys for Plaintiff dbrand inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the January 6, 2026, I caused to be filed the foregoing **DBRAND'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF ON ITS MOTION FOR SANCTIONS** through this Court's electronic filing system, which sent electronic notification of this filing to all counsel of record.

*/s/ Collin D. Hansen*