**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| DBRAND INC., a Canadian Corporation,<br><br>*Plaintiff,*<br><br>v.<br><br>CASETAGRAM LIMITED, a Hong Kong limited liability company, WESTSIDE LAB, INC., a California corporation, and WESTROCK SERVICES (WHOLESALE), INC.<br><br>*Defendants.* | CASE NO. 24-cv-1919<br><br>Judge Martha M. Pacold<br><br>Magistrate Judge Maria Valdez |
| CASETAGRAM LIMITED, a Hong Kong limited liability company, WESTSIDE LAB, INC., a California corporation, and WESTROCK SERVICES (WHOLESALE), INC.<br><br>*Counterclaimants,*<br><br>v.<br><br>DBRAND INC., a Canadian Corporation,<br><br>*Counterclaim Defendant.* |  |

**DEFENDANTS CASETAGRAM LIMITED'S, WESTSIDE LAB, INC.'S, AND WESTROCK SERVICES (WHOLESALE), INC.'S RESPONSE TO DBRAND'S MOTION FOR CLARIFICATION**

Defendants Casetagram Limited ("Casetagram"), Westside Lab, Inc. ("Westside"), and Westrock Services (Wholesale), Inc. ("Westrock") (collectively "Defendants") respectfully oppose dbrand's Motion for Clarification [ECF 251] (hereinafter the "Motion")[1] which was filed after

---

[1] dbrand's Motion, which is a "motion for discovery," was filed in violation of Local Rule 37.2.

1

dbrand refused to engage in Defendants' multiple requests to hold a meet and confer call on dbrand's failure to respond to Westrock's discovery requests, and failure to provide supplemental interrogatory answers to Westside's Court-authorized alter ego interrogatories. Orders from this Court make it clear that discovery remains open until at least August 2026. ECF No. 227. As discussed below, all Defendants are prejudiced by dbrand's actions related to the upcoming March 6, 2026 hearing before the District Court Judge.

## I. Preliminary Issues Concerning The Upcoming March 6, 2026 Hearing

Quoting dbrand:



**PLAGIARISM IS NOT A CRIME**

Some might accuse us of theft. Here's our counter: we stole nothing. We're simply shining a light on the limits of international copyright law. Given our years of experience in such matters, we're uniquely qualified to rip off an industrial design and "creatively reinterpret" it for other devices. That's not theft - it's plagiarism, which isn't a crime. Look on the bright side: at least we're paying them in exposure.

*See* **Exhibit A**, Page Vault capture and affidavit.[2]  dbrand's documented admission, as captured in Exhibit A, that it has "ripped off" industrial designs, and is "shining a light" on the

---

[2] It was Defendants' recent production of this Page Vault capture that caused dbrand to suddenly seek "clarification" of the Court's order regarding the open state of discovery (at least as to dbrand's claims against newly added party Westrock).  dbrand is attempting to tie Westrock's hands at the upcoming March 6, 2026 hearing before the Court in hopes of obtaining discovery sanctions against Casetagram and/or Westside, which would necessarily and materially impact Westrock's ability to defend itself. dbrand failed to produce this website material, instead testifying versions of the website were not preserved.

limits of "international copyright law" is particularly pertinent to the issue of whether dbrand has met the clear U.S. Constitutional requirement of "**originality"** or authorship to establish an underlying copyright right in the first place (it has not), nor has it established standing to advance its claims against Westrock, Casetagram, and Westside, nor has it met the injury requirements of a claim under the Digital Millenium Copyright Act ("DMCA"). Quoting the United States Supreme Court in *Feist Publications v. Rural Telephone Service Co.*, 499 U.S. 340 (1991):

> The *sine qua non* of copyright is originality. To qualify for copyright protection, a work must be original to the author. *See Harper & Row Publishers, Inc. v. Nation Enters.,* 471 U. S. 539, 547-549 (1985). Original, as the term is used in copyright, means only that the work was independently created by the author *(as opposed to copied from other works),* and that it possesses at least some minimal degree of creativity. 1 M. Nimmer & D. Nimmer, Copyright §§ 2.01[A], [B] (1990) (hereinafter "Nimmer"). (emphasis added).

The fact that dbrand concedes it has "ripped off" industrial designs[3] of others to make its claimed

---

[3] In addition to admitting that they are "ripped off" industrial designs of others, dbrand publicly represents that these scans are "guaranteed to be 99% accurate of the device's interior" ("Representational Scans"). *See* Exhibit C to dbrand's Amended Complaint [ECF No. 114-1]. Copies of representational scans of third-party works are not copyrightable by dbrand under applicable U.S. copyright law. *See* Dkt. 147; s*ee also*, *Star Athletica, L.L.C. v. Varsity Brands, Inc.,* 580 U.S. 405, 413-22 (2017) (discussion on the principles of conceptual separability of useful articles), and 17 USC § 103 (no rights in derivative works); *see also* US Copyright Office Compendium ("Compendium") at 313.6(B) and 313.4(A) (a work that is a mere copy of another work of authorship is not copyrightable) (a work that is a mere copy of another work of authorship is not copyrightable). *De minimis* changes and/or mere variation in coloring are not copyrightable. Compendium at 314(B). "The Office cannot register mere variations in coloring, regardless of whether the variations are made by hand, by Computer or by other processes." 37 CFR § 202.1(a) ("If the author merely added or changed a few colors that appear in a pre-existing work of authorship or merely added, changed or combined expected or familiar sets or pairs of colors, the Office may communicate with the applicant or may refuse to register the claim."); *see also* Compendium 313.4(K) ("Easter Eggs" on iPhone (or other) representational scans are not protectable). "Catchwords, catch phrases, mottos, slogans, or other short expressions" are not copyrightable. Compendium 313.4(C). Founding dates are not within the definition of CMI. 17 USC § 1202(c). In addition, facts are not copyrightable. 17 USC § 102; *Feist Publications, Inc. v. Rural Telephone Service Co.* 499 US 340 (1991). Likewise, numbers and familiar symbols and designs (such as the number "11") are not copyrightable. Compendium 313.4(J). The name of a business organization, name of a product or service, domain names, or URLs are also not copyrightable. Compendium 313.4(C). Without protectable copyright expressions, dbrand cannot meet the essential elements of a claim under 17 USC §§ 1202(a) or 1202(b) with respect to device scans because digital signatures on unprotectable works are not "CMI." There is a split among districts as to whether the DMCA applies to derivative works. In October 2024 when denying a Motion for Judgment on the Pleadings, this Court determined that in this district the DMCA would apply to derivative works. *See* Dkt. 65. As dbrand's asserted works are unauthorized derivative works themselves, this holding, applies to dbrand's derivative works as well.

3

works via representational scans[4] also goes squarely to the issue of dbrand's lack of authorship, originality, copyright rights in the first instance, and dbrand's lack of standing to advance DMCA claims against new party Westrock (along with Casetagram and Westside).

Westrock has filed an affirmative defense challenging dbrand's standing to bring its 32 DMCA claims. *See* ECF No. 153, p. 153. Casetagram and Westside have also requested leave to file their own affirmative defenses to challenge dbrand's standing to bring its 32 DMCA claims. *See* ECF No. 150, p. 146; ECF No. 157, p. 139. Challenges to standing may be brought at any time. *United States v. Hays*, 515 U.S. 737, 742 (1995) (a deficiency in standing may be raised at any time and is not subject to waiver); *Johnson v. Enhanced Recovery Co., LLC*, 325 F.R.D. 608, 614 (N.D. Ind. 2018) (because standing is a jurisdictional matter lying at the heart of the court's authority to entertain and determine the parties' dispute, it can be raised at any time). If a court concludes that the plaintiff lacks standing, it must dismiss the case. *Flynn v. FCA US LLC*, 39 F.4th 946, 954 (7th Cir. 2022). *See supra*, fn. 3.[5] This controlling authority is why dbrand does not want Westrock to be able to engage in any discovery on Westrock's affirmative defenses, and why dbrand conspicuously timed the filing of its initial June 13, 2025 Motion for Sanctions [ECF No.

---

[4] *See* **Exhibit B**, Page Vault capture of dbrand's Teardown webpage which admits using a scanner to create the images and guarantees the images to be "a 99% accurate representation of your device's internals."

[5] dbrand also impermissibly and erroneously conflates *factual* copying with wrongful appropriation. (*See Feist*, *supra* "Copyright does not prevent subsequent users from copying from a prior author's works those elements that are not original for example facts, or materials in the public domain – as long as such use does not unfairly appropriate the author's original contributions." 471 US at 547-548 (citations omitted). In *Atari, Inc. v. N. Am. Philips Consumer Elecs. Corp.,* 672 F.2d 607 (7th Cir. 1982), the 7th Circuit held that the substantial similarity test does not involve analytic dissection and expert testimony, but depends on whether the accused work has captured the total concept and feel of the copyrighted work. But that is not all the 7th Circuit said in *Atari.* The 7th Circuit added: While dissection is generally disfavored, the ordinary observer test, in application, must take into account that the copyright laws preclude appropriation of *only those elements of the work that are protected by the copyright. See Design Basics, LLC v. Kerstiens Homes & Designs, Inc.*, 341 F. Supp. 3d 920, 928 (S.D. Ind. 2018), *aff'd,* 1 F.4th 502 (7th Cir. 2021) (emphasis in original); see also, *Peters,* 692 F.3d at 632 ("If the copied parts [of a work] are not, on their own, protectable expression, then there can be no claim for infringement.").

135] on the eve Defendants' due date for the filing of their answer and affirmative defenses (June 24, 2025). dbrand has been desperately attempting to deflect the Court's attention away from dbrand's own lack of authorship, originality, underlying copyright rights, and lack of standing for several months. But Defendants' affirmative challenges are clearly of record and on file. Per ECF No. 227, discovery is open on Westrock's affirmative defenses, and others, until August 31, 2026.

II. **Documents and Supplemental Answers to An Interrogatory Exist That Are Being Intentionally Withheld by dbrand to Substantially Prejudice Defendants During the Clear Open Discovery Period**

The Motion has also been filed for the improper purposes of delay so that dbrand can continue to withhold information related to dbrand's alter ego allegations during the open discovery period in order to prevent any follow-up discovery. dbrand does so in an attempt to maximize prejudice related to that delay, while simultaneously seeking substantive rulings on the alter ego issue sans evidence from the District Court and Magistrate Judge.[6]

a. **Westside's Alter Ego Interrogatories and dbrand's Unfulfilled Promise to Supplement and Correct them**

Westside was given leave by the Magistrate Judge to serve interrogatories on dbrand's alter ego allegations, and dbrand provided initial responses which were deficient. A meet and confer related to dbrand's deficient responses was held ***in October 2025.*** During the meet and confer call and in a subsequent dbrand status report, dbrand represented that it would supplement and correct dbrand's Answers to Westside's alter ego interrogatories allowed by the Magistrate Judge. *See* October 29, 2025 Status Report [ECF No. 215] at p. 5.

To date, despite the passage of over four months, no supplemented or corrected

---

[6] The Court's analysis in ruling on the Motion must comport with the principles of corporate separateness as part of applying appropriate discretion. *Dewberry Group, Inc. v. Dewberry Engineers Inc.,* 604 U.S. 321, 687, 145 S.Ct. 681, 683, 221 L.Ed.2d 156 (2025), *citing Agency for Int'l Development v. Alliance for Open Society Int'l Inc.,* 591 U.S. 430, 435, 140 S.Ct. 2082, 207 L.Ed.2d 654 (2020) (reversing a lower court for failing to apply those principles). *See,* Defendants' Response to Motion for Sanctions, Dkt. 184, p. 14.

interrogatory answers have been provided by dbrand in response to Westside's allowed alter ego interrogatories. Those promised supplemental and corrected responses to the alter ego allegations were to be provided in January 2026. They were not. On January 12, 2026, dbrand's counsel asked for a one month's extension "to insure a fulsome and accurate response" due to "holidays," "personal reasons" for one of dbrand's 6 member legal team (a family death), unspecified health issues impacting Mr. Ijaz's family, and dbrand's "busiest months on record."[7] dbrand was obviously working on its January 8, 2026 Supplemental Brief [ECF No. 239] related to its Motion for Sanctions [ECF No. 135] instead of fulfilling its own promised discovery obligations.

Notwithstanding the actual reason for the requested delay, dbrand asked in view of these presented personal circumstances that they have ***until February 16, 2026*** (dbrand's counsel's proposed date) to provide supplemental and corrected Answers to Westside' alter ego interrogatories responses and to respond to new party Westrock's discovery requests. February 16, 2026 has come and gone and dbrand failed to meet its promise. dbrand simply ignored their agreed date to provide its supplemental and corrected responses to Westside. When asked to hold the required call to meet and confer before filing a Motion to Compel, dbrand's counsel twice failed altogether to provide requested dates for the required call. *See* **Exhibit C.** This was done in an attempt to avoid Westrock and Westside being able to adhere to Local Rule 37.2 prior to filing a Motion to Compel. Contravening its own Rule 37.2 obligations, dbrand's counsel failed altogether to hold any meet and confer call in order to file its current discovery Motion.

Instead, under dbrand's' "rules for thee but not for me" discovery approach, dbrand's Motion omits all references to the above exchanges regarding Westside's Court-allowed alter ego

---

[7] After obtaining discovery about Best Buy in this litigation and disseminating the "I've Been Robbed" YouTube Video, dbrand is now selling its products in Best Buy retail stores. The withheld discovery concerns dbrand's communications with Best Buy, any settlement of claims with Best Buy, which relate to Westrock's setoff defenses, and other damages-related issues. dbrand continues to withhold this discovery.

interrogatories and repeated promises to supplement and correct its deficient responses. dbrand is now trying to further delay its promised supplement/correction to Westside's alter ego interrogatories by asking that the Court deem (without evidence, analysis, or authority) all three defendants are alter egos (*see* Motion p. 4) as a basis to "clarify" a different order relating to a different subject (Westrock's counterclaims) and turn it into a complete stay on dbrand's affirmative obligation to supplement and correct its Answers to Westside's alter ego interrogatories - interrogatories the Magistrate Judge expressly allowed to be served. The Motion makes no sense in the context of the current discovery obligations dbrand has failed to meet. Nowhere in the Motion does dbrand explain how any clarification of an order staying only discovery on Westrock's **counterclaims** somehow absolves dbrand from failing to supplement and correct its Answers to Westside's alter ego interrogatories that this very Magistrate Judge, by separate order, allowed Westside to serve. *See* ECF No. 204.

Notably, there is clear bad intent behind dbrand's failure to provide the supplementation and correction of its Answers to Westside's alter ego interrogatories since October 2025. In between the October 2025 meet and confer and the repeated yet unfulfilled promises to supplement and correct its Answers to Westside's alter ego interrogatories, on November 6, 2025, dbrand made an oral motion to the District Court for leave to file a partial motion for summary judgment on its new alter ego claims, which the District Court took under advisement. dbrand clearly hopes the District Court will rule on that oral request during the upcoming March 6, 2026 hearing. Meanwhile, dbrand will continue, as it has done since October 2025, to fail to supplement and correct its Answers to Westside's alter ego interrogatories. dbrand clearly intends to unveil its alter ego assertions in the context of a dispositive motion and has absolutely no intent to supplement or correct its answers to the alter ego interrogatories despite multiple representations that it would.

As noted above, dbrand makes no mention of these discovery issues and instead simply states that "Defendants are alter egos," (*see* Motion p. 4) as if there has been an adjudication of this issue by the Court. dbrand knows that no adjudication has been made. For purpose of this Motion, the Court's analysis must comport with the principles of corporate separateness as part of applying appropriate discretion. *Dewberry Group, Inc. v. Dewberry Engineers Inc.,* 604 U.S. 321, 687, 145 S.Ct. 681, 683, 221 L.Ed.2d 156 (2025), *citing Agency for Int'l Development v. Alliance for Open Society Int'l Inc.,* 591 U.S. 430, 435, 140 S.Ct. 2082, 207 L.Ed.2d 654 (2020) (reversing a lower court for failing to apply those principles). *See also* Defendants' Response to Motion for Sanctions, ECF No. 184, p. 14.

Inviting legal error and in contravention of the corporate separateness doctrine, and without foundation, evidence, legal authority or court or jury determination, dbrand falsely avers in its Motion that the Defendants are, in fact, alter egos, when there clearly has been no such determination.[8] Neither this Court nor the District Court have ruled on whether Defendants are actually alter egos of one another. Nor could such a finding be made – discovery is currently open on all issues, other than Westrock's counterclaims against dbrand. dbrand has not been given leave to file a motion for partial summary judgment on whether Defendants are alter egos, in part because discovery is still open on those new claims and, importantly, the pleadings have not yet been joined.

dbrand fails to cite to any case law for this unfounded representation. Alter ego determinations are extremely fact intensive, have specific controlling/governing law (including international comity), and are typically not suitable for summary judgment adjudication. Because of the fact intensive nature of the alter ego analysis, which focuses on unlawful intent or motive,

---

[8] dbrand's Motion includes "[t]he three Defendants are alter egos." *See* Motion at p. 4. Defendants have denied and continue to steadfastly deny dbrand's mere allegation.

8

this Court cannot conclude at this stage or in this Motion (that has no citation to ***any*** evidence) that Defendants are alter egos of one another. *See Cent. States, Se. & Sw. Pension Fund v. Cent. Transp., Inc.*, 85 F.3d 1282, 1288–89 (7th Cir. 1996) (affirming judgment entered for defendant on alter ego theory after denial of summary judgment motion and bench trial, noting that although plaintiff's "allegations seem viable in the abstract," the evidence presented to the district court did not meet plaintiff's burden of proof); *see also NECA-IBEW Pension Trust Fund v. Bays Elec., Inc.*, 894 F. Supp. 2d 1071, 1084–86 (C.D. Ill. 2012) (ruling on alter ego theory after bench trial); *Weiland v. Linear Constr. Ltd.*, No. 00 C 6172, 2003 WL 1565846, at *10 (N.D. Ill. Mar. 24, 2003) (same).

### III. dbrand's Interpretation of the Court's Prior Orders Is Incorrect

dbrand's Motion[9] was filed, in part, for the additional improper purpose of delaying production of evidence and information pertinent to, bearing on, and expected to be needed for the hearing currently scheduled for March 6, 2026 related to dbrand's lack of standing and lack of rights to assert a DMCA claim. Similarly, it is improper for dbrand to continue to withhold discovery responses and refuse to produce documents responsive to newly added party Westrock's discovery requests directed to dbrand's claims made against it, and Westrock's affirmative defenses.

#### a. A Review of the Court's Prior Discovery Orders

dbrand's Motion, filed after twice failing to respond to Defendants' meet and confer requests,[10] is an attempt to create an artificial construct to advance before the District Court that "discovery is closed." That representation would not accurately reflect the Court's rulings. In fact, on August 11, 2025, this Court granted Westside leave to serve interrogatories directed to new alter

---

[9] It is clear that dbrand is withholding evidence responsive to Westrock's discovery requests. dbrand's responses to Westrock's discovery requests were originally due on January 12 and 17. dbrand's counsel's representations in obtaining by agreement an additional 30 days included an affirmative representation by counsel that it has responsive documents "ready to produce." *See* **Exhibit C**, p. 2 – "we anticipate beginning a rolling production contemporaneously with the RFP responses."

[10] *See* **Exhibit D**, email correspondences between the parties' respective counsel.

ego claims. [ECF No. 204]. As discussed above in Section II, dbrand has been promising to supplement and correct its answers since October 2025, with a final date of February 16, 2026, which dbrand intentionally disregarded in advance of the upcoming March 6, 2026 hearing before the District Court.

On November 7, 2025, the Court entered into the docket a minute entry [ECF No. 227] that provided, in relevant part:

> "Initial disclosures to be made by 11/28/25; any amendments to pleadings or actions to join other parties shall be filed by 6/30/26; all written discovery shall be issued no later than 45 days before the close of fact discovery; **the fact discovery deadline is 8/31/26**; initial experts shall be disclosed by 10/30/26 and deposed by 11/30/26; and rebuttal experts shall be disclosed by 12/31/26 and deposed by 1/31/27." (emphasis added)

The Motion does not request clarification of this Order.[11]

The filing of dbrand's Amended Complaint and Westrock's Answer, Affirmative Defenses and Counterclaims, along with the Court's November 7, 2025 minute entry opened discovery as to dbrand's Amended Complaint for all parties without condition or limitation. In observance of the Court's discovery schedule, all Defendants provided dbrand with their initial disclosures related to dbrand's Amended Complaint, Westrock's affirmative defenses and Westrock's counterclaims. In reliance on the Court's order opening discovery, on December 12, 2025, Westrock served interrogatories and requests for production upon dbrand related to the Amended Complaint, Westrock's affirmative defenses, and Westrock's counterclaims. All Defendants also served requests for production upon dbrand related to the Amended Complaint. This discovery was timely issued well more than 45 days before the close of fact discovery, August 31, 2026 (*See* ECF No. 227) and so documents would be received from dbrand in sufficient time to conduct

---

[11] The schedule was based on dbrand's own proposed dates. Now four months after the fact, and after dbrand has failed to comply with discovery requests served on it, dbrand argues in its Motion that it has somehow been prejudiced by the Court when it re-opened discovery following the filing of the Amended Complaint.

follow up discovery or address with the Court dbrand's objections, if any. The parties also provided the Court with a status report where dbrand affirmatively represented to this Court it would be providing discovery responses and the supplemented and corrected answers to Westside's interrogatories. *See* October 29, 2025 Status Report ECF No. 215] at p. 5.

The Court's January 13, 2026 minute entry order [ECF No. 238] needs no clarification in the context of the parties' October 29, 2025 status report. It reads as follows:

> "The Court has reviewed the parties' joint status report. **Discovery into Defendant Westrock's counterclaims against Plaintiff dbrand is hereby stayed** until resolution of the pleadings on those claims by the District Court. The parties shall submit a proposed scheduling order for discovery ***on those claims*** within 14 days of the District Court's decision on those pleadings." (emphasis added)

From Defendants' perspective, this minute entry is straightforward: only discovery regarding Westrock's Counterclaims is stayed until resolution of the pleadings on those claims by the District Court, but all other discovery remains open [ECF No. 227]. For dbrand to now claim it reads this order as staying *all* discovery, when dbrand itself has asked the District Court for leave to file a partial summary judgment motion on the alter ego issue, and there has been a standing challenge raised on dbrand's affirmative claim via an affirmative defense, is not logical or credible. The Motion is simply dbrand trying to delay and cover up its own failure to abide by its discovery obligations while simultaneously flooding the record with miscellaneous discovery complaints. This reflects dbrand's "rules for thee but not for me" discovery approach.

### b. Westrock Is A Newly Added Party Entitled To Discovery

Westrock was only added to this lawsuit when dbrand filed its Amended Compliant. dbrand now seeks to deprive new party Westrock of **any** discovery whatsoever during the discovery period. [ECF No. 227]. dbrand would like the Court to allow it to file an Amended Complaint, add a new party, and immediately file a dispositive motion without allowing the new party to conduct

11

any discovery. It is dbrand's position that even though it has already identified documents responsive to new party Westrock's requests and had prepared them for a rolling production in February 2026, (Exhibit C) dbrand does not have to respond to Westrock's interrogatories and requests for production, which were served in December 2025[12]. This would be unfair, and extremely prejudicial to Westrock. Westrock must be permitted to defend itself and support its affirmative defenses, as well as discovery on its counterclaims.

One of Westrock's (and the others) affirmative defenses challenges dbrand's standing to bring its 32 new claims. (See above). dbrand's representational scan of the industrial design of a third-party device, provides dbrand with no standing under 17 U.S.C. § 1202-3 to bring a claim for statutory or other damages as dbrand does not meet the injury requirement of the statute. *See* Westrock's Answer, Affirmative Defenses and Counterclaims at p. 153 [ECF No. 153]. Westrock should, at a minimum, be permitted to conduct discovery in order to support its potentially outcome-determinative affirmative defenses, such as dbrand's lack of standing to bring its DMCA claims or meeting the injury requirement. ECF No. 227 (discovery is open).

**c. Discovery Is Open with Respect to dbrand's Claims Against Westrock, and Westrock's Affirmative Defenses**

After dbrand filed its Amended Complaint and Westrock filed its Answer, Affirmative Defenses and Counterclaims, the Court opened discovery related to those pleadings. [ECF No. 227]. While the Court has stayed discovery only related to Westrock's *counterclaims*, discovery related to dbrand's 32 claims and Westrock's affirmative defenses remains on schedule. Id.

dbrand's Motion is an underhanded attempt to have the Court change its November 7, 2025 minute entry [ECF No. 227] to distort the actual open state of discovery. Ironically, dbrand's

---

[12] Notably dbrand engaged in this same tactic when responding to Casetagram's discovery requests. Indeed, on the last day of the initial discovery period dbrand dumped tens of thousands of documents in a last day of discovery production, knowing no follow-up could reasonably be had regarding same.

Motion implies that dbrand would been prejudiced if the Court did not adjust the discovery schedule that it entered on November 7, 2025 [ECF No. 227] and narrowly limited on January 13, 2026 [ECF No. 238]. The exact opposite is true. As part of the January 12, 2026 requested extension to respond to Westrock's discovery requests, dbrand's counsel was asked if they intended to produce documents in response to the Westrock requests for documents, or whether dbrand would be serving all objections. dbrand's counsel affirmatively represented that they "anticipate beginning rolling production contemporaneously with the RFP responses." *See* Exhibit C, p. 2. Thus, dbrand has already identified, collected and prepared for production admittedly responsive documents that it is now purposefully withholding for over 60 days, and is looking for another at least 30 days (over 90 days) just to start a "rolling" production. The "rolling production" no doubt will eat up the remaining fact discovery period, as has been dbrand's practice with the other defendants. Doing so prejudices, at a minimum, Westrock as a new defendant. If the Court were to side with dbrand's self-serving interpretation of its previous discovery orders, and its discovery affirmative obligations, Westrock would be prevented from engaging in any discovery to defend itself from the claims made against it in dbrand's Amended Complaint, and to support Westrock's (a newly added party) affirmative defenses. That is unjust.

### IV. dbrand Should Be Estopped From Arguing The "Unsettled" State Of The Pleadings Is An Insufficient Basis To Stay Discovery

In an effort to push for depositions in Hong Kong to proceed in February 2025, even though the pleadings were "unsettled" and a "new party was to be added" as a result of its January 6, 2025 Motion for Leave to File Amended Complaint [ECF No. 81], dbrand previously argued that an unsettled state of pleadings was not a sufficient basis to delay discovery it wanted. dbrand stated in its Motion for Leave to File Amended Complaint that it did not anticipate serving ***any*** additional discovery responses related to its Amended Complaint. *See* ECF No. 81, p. 9. This representation

13

was untrue. dbrand not only sought additional discovery after it filed an Amended Complaint, dbrand moved to compel additional discovery. dbrand simply seeks to prevent the new party Westrock from conducting any discovery whatsoever during the open discovery period.

Page 3 of dbrand's Motion includes:

> Maintaining the prior case schedule for dbrand's claims while awaiting a separate schedule for Westrock's counterclaims would create two separate discovery tracks, resulting in duplicative efforts—including international depositions and expert discovery—and multiplying cost and burden without any corresponding benefit.

This Court warned dbrand and expressly held on January 23, 2025, in this Court's Order which denied Defendants' Motion for Protective Order but provided: "if Plaintiff chooses to go forward with the depositions as scheduled, it will not be allowed to depose any of those individuals a second time regarding any matters that arise out of the amendment to the complaint." *See* ECF No. 97. dbrand assumed all associated risks and burdens by proceeding with the February 2025 depositions in Hong Kong. Westrock, however, did not assume that risk. Westrock was not a party to this lawsuit at the time the February 2025 depositions in Hong Kong took place. As such, Westrock did not have any opportunity to question the witnesses or clear up any of dbrand's misleading questions related to Westrock, or issues pertaining to claims to be advanced against Westrock in the future. dbrand does not care that Westrock was denied an opportunity to be present.

dbrand now argues that discovery should be stayed because of the unsettled state of the pleadings. dbrand should be estopped from making this argument, as it made the exact opposite argument in its Opposition to Casetagram's and Westside's Motion for Protective Order. *See* ECF No. 96. The goal of dbrand's Motion is actually to prejudice and prevent Westrock, a newly added party, from being able to engage in a reasonable opportunity to conduct discovery or follow-up

14

discovery related to the claims brought against it in the Amended Complaint, and its affirmative defenses during the Court ordered open discovery period, and flood its production just before it closes so there is no opportunity to take depositions or conduct follow-up discovery. dbrand's arguments are transparently disingenuous and opportunistic.

## V. Conclusion

For the foregoing reasons, in response to dbrand's Motion, the Court should rule that ECF No. 227 set the discovery schedule on dbrand's Amended Complaint, and, other than the narrow limitation included in ECF No. 238, namely that "discovery into Defendant Westrock's counterclaims against Plaintiff dbrand is hereby stayed," the Court's later orders did not change that schedule. The Court should find that dbrand has failed to timely respond to Westrock's written discovery, that any objections to those requests are now waived, and that complete responses are to be provided by Monday March 9, 2026, especially since dbrand already represented the documents were identified as responsive and ready to produce. Westrock should be dismissed, with prejudice, from this action if dbrand does not meet the Monday March 9, 2026 deadline. Westrock should also be afforded an additional 60 days from the August 31, 2026 (until October 31, 2026) to complete fact discovery on dbrand's claims against Westrock and Westrock's affirmative defenses.

With respect to the failure of dbrand to supplement and correct the Court allowed Westside Alter Ego interrogatories, as dbrand promised Westside in a meet and confer call back in October 2025 and dbrand represented to the Magistrate Judge in a January 2026 status report that it would do, the Court should issue an order that the supplemental and corrected responses by provided no later than Monday March 9, 2026 and that dbrand is estopped from bringing its alter ego claims in this action if it does not meet this deadline.

15

Date: March 4, 2026                  Respectfully submitted,

By: _/s/ Kara E. F. Cenar_
    Kara E.F. Cenar (IL #6198864)
    KCenar@ubglaw.com
    S. Patrick McKey (IL #6201588)
    PMcKey@ubglaw.com
    Susan Meyer (IL #6226450)
    SMeyer@ubglaw.com
    Brett Geschke (IL # 6337873)
    BGeschke@ubglaw.com
    UB Greensfelder LLP (312) 419-9090
    200 W. Madison Street, Suite 3300
    Chicago, IL 60606

    *Attorneys for Defendants Casetagram Limited,*
    *Westside Lab, Inc., and Westrock Services*
    *(Wholesale), Inc.*

16

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on March 4, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, using the Court's CM/ECF System, which shall send notification of such filing to all parties registered to use ECF or are represented by a registered E-filer.  Parties may access this filing through the Court's CM/ECF System.

/s/ Brett Geschke
Brett J. Geschke
UB Greensfelder LLP

*One of the attorneys for Defendants Casetagram Limited, Westside Lab, Inc., and Westrock Services (Wholesale), Inc.*