**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DBRAND INC., a Canadian Corporation, <br><br> *Plaintiff/Counterclaim Defendant*, <br><br> v. <br><br> CASETAGRAM LIMITED *dba* CASETIFY, a Hong Kong limited liability company, and WESTSIDE LAB, INC., a California corporation, and WESTROCK SERVICES (WHOLESALE), INC. <br><br> *Defendants/Counterclaimants*. | CASE NO. 24-cv-1919-MMP-MV <br><br> **JURY TRIAL DEMANDED** <br><br> **District Judge Martha M. Pacold** <br> **Magistrate Judge Maria Valdez** |

## <u>DBRAND'S REPLY TO CASETIFY'S OPPOSITION</u>
## <u>TO DBRAND'S MOTION FOR CLARIFICATION</u>

dbrand respectfully submits this reply in further support of its Motion for Clarification (the "Motion"). Casetify's response confirms that clarification is necessary.

## I.  INTRODUCTION

Casetify's opposition (the "Opposition") raises numerous irrelevant issues that are not before the Court. dbrand responds to the limited arguments directed to the Motion in Section II, *infra*. To the extent that the Court would like context for the extraneous issues from the Opposition, dbrand addresses some of those briefly in Section III, *infra*.

## II.  ARGUMENTS CONERNING THE MOTION FOR CLARIFICATION

### a.  There Are No "New Claims" Warranting Reopened Discovery at This Stage

After Casetify requested that discovery be reopened, this Court directed the parties to file "a proposed scheduling order for discovery on any *new* claims, defenses, and counterclaims presently existing in the case." *See* [216] (emphasis added).

In response to dbrand's amended complaint, Westrock served an Answer with dozens of new claims. *See* [153]. Given the total overlap with the proposed pleadings of Casetagram and Westside, Judge Pacold stayed the briefing on Westrock's pleadings. *See* [215] at 3. After Casetify argued that it was prejudiced by completing discovery on behalf of Westrock while the pleadings remain unsettled, this Court stayed discovery on those claims. *See* [238].

dbrand's amended complaint, however, did not introduce any "new claims." It merely separated existing claims by accused work and by direct versus indirect liability. This Court found that, considering those amendments, "the scope of discovery with respect to Defendants will not be substantially altered"—much less warrant a wholesale reopening of discovery into those exact claims. *See* [97]. And in granting leave to amend, Judge Pacold rejected Casetify's argument that the amendment was a "massive expansion of the current case," instead finding that the amendment

1

was merely a "rearrangement or repleading of legal theories." *See* [113] at 60:15–61:11.

In short, dbrand did not assert any new claims. Discovery on dbrand's claims was completed more than one year ago. *See* [68]. The only "new claims" are Westrock's purported counterclaims—and this Court already stayed discovery on those claims at Casetify's request. Accordingly, there are no other "new claims" for which the Court has opened discovery.[1]

### b. All Pleadings Overlap

Every claim asserted against Westrock is also asserted against Casetagram and Westside, and vice versa. *See* [114]. Likewise, every defense and counterclaim asserted by Westrock is in the proposed pleadings of Casetagram and Westside. *See* [149], [153], [157].

Recognizing this total overlap, Judge Pacold stayed the pleadings as to Westrock pending resolution of the motion for leave. *See* [215] at 3. Reopening discovery as to one of these materially identical pleadings would undermine the rationale for staying the pleadings in the first place.

### c. Casetify's Proposed Discovery is Duplicative and Unbounded

Although Casetify contends that discovery remains open as to dbrand's claims against *Westrock* and *Westrock's* affirmative defenses, most of the discovery requests at issue were served on behalf of Casetagram and Westside. This discovery is not just redundant with what Casetagram and Westside would serve later; it is literally being pursued in their names. In addition, most of the requests are directed to the Defendants' counterclaims—including spurious allegations of false advertising and a purported DDoS attack—which even Casetify acknowledges are subject to the Court's stay. *See* [253] at 12.

---

[1] Even if Casetify's interpretation of the Court's discovery orders concerning Westrock were accurate (*see* [253] at 9), dbrand respectfully submits that reconsideration would be appropriate in light of the circumstances described herein. At a minimum, Casetify's position is inconsistent with the evident purpose and effect of those orders, even if it relies on a hyper-technical reading of the wording.

Notwithstanding that stay—and the fact that the other Defendants' proposed claims are not part of the case—Casetify seeks to effect a wholesale reopening of discovery for all parties and all issues. Indeed, far from being limited to any "new" claims, Casetify's discovery is absurdly broad and facially unreasonable. For example, Casetify asks dbrand to:

> Produce all emails, chats, messages, and DMs ("direct messages") (with metadata and attachments) from all platforms including Gmail, Outlook, Slack, Teams, Discord, WhatsApp, Signal, Telegram, SMS/iMessage, Instagram, TikTok, Snapchat, Facebook, X/Twitter, Messenger, Reddit, and others.

This request is not limited by time, custodian, topic, or anything else. And this was not a one-off mistake—there are many other requests like it—served on behalf of Casetagram and Westside.

Such requests are sanctionable. *See* Rule 26(g)(1) ("By signing, an attorney or party certifies that … **with respect to a discovery request** … it is … consistent with these rules … and … neither unreasonable nor unduly burdensome."). And such sanctions are mandatory. *See* Rule 26(g)(3) ("the court, on motion or on its own, **must** impose an appropriate sanction on the signer"). If Casetify truly considers its current discovery requests to be counted as part of this case, then it faces serious consequences that follow from serving discovery of that scope.

### d. The Parties Have Already Taken Discovery on the Alter-Ego Issue

dbrand agrees that principles of corporate separateness must be respected. It also agrees that whether Westrock is an alter ego presents a factual question. The parties have already taken discovery on the alter-ego issue. And recognizing the inefficiency of proceeding with triplicate litigation tracks, the District Court is considering dbrand's request for leave to seek partial summary judgment on this issue for the three Defendants. *See* [222]. It would be inefficient and premature for the parties to undertake a complete do-over of discovery into dbrand's claims that would be rendered obsolete by a finding that the Defendants are alter-egos.[2]

---

[2] Reopening discovery under these circumstances would incentivize nondisclosure of a necessary

Even if the Court ultimately determines that Westrock is a separate entity, Westrock would suffer no prejudice by waiting to conduct discovery on dbrand's claims. To the contrary, as with the other parties, Westrock would benefit from proceeding after the pleadings are joined and potentially narrowed through motion practice. Moreover, the parties could proceed under a single discovery track—with one coordinated round of requests, depositions, and expert discovery—rather than pursuing disjointed tracks with duplicative efforts and costs. Splitting discovery offers no practical benefit and would be inefficient for all involved.

### e. Casetify's Estoppel Argument Fails for the Same Reasons

Casetify contends that dbrand has taken inconsistent positions regarding discovery stays. But Casetify misses the critical point. dbrand opposed postponing already-scheduled depositions on claims that were already pending in the case. The Court allowed the depositions to proceed, but barred future depositions on the same issues to ***avoid*** duplicative discovery. *See* [97].

The same practical concern that informed the Court's ruling applies here: it would be facially inefficient for the parties to conduct full discovery involving Westrock—including international depositions and expert discovery—only to repeat that same discovery on behalf of Casetagram and Westside once the overlapping pleadings are resolved. Because the claims, defenses, and counterclaims are identical across all three Defendants, proceeding now as to one would simply require the parties to redo the same work later as to the others.

## III. EXTRANEOUS ARGUMENTS RAISED BY CASETIFY

The bulk of Defendants' Opposition addresses issues that are unrelated to the Motion and

---

party until after the amendment deadline—as Casetify did here for Westrock (*see* [113] at 58:2–60:14)—thereby securing a complete do-over of discovery on behalf of the "new" defendant. This would undermine orderly case management and create perverse incentives in future cases.

are either pending before Judge Pacold or not before this Court at all.

### a. Casetify's Discovery Arguments Are Unrelated to the March 6 Hearing

The March 6 hearing before Judge Pacold is to address Casetify's discovery misconduct, including dozens of instance of spoliation, withholding of evidence, certification of false discovery responses, and perjury. The discovery Casetify seeks now has nothing to do with that hearing.

The same is true of the documents Casetify produced last week and cited in its Opposition. Those documents were not responsive to any request by dbrand—dbrand has served no requests since the close of discovery more than a year ago. Casetify claims these documents were produced pursuant to this Court's August 15 Order compelling production (*see* [251-1] at 1–2), but they are completely unrelated to that Order. *See id.* And the deadline to comply with that Order expired on November 14, 2025. *See* [220]. Even assuming the documents relate to potential defenses, they are irrelevant to the Court's Order and to the issues set for hearing on March 6.

### b. Casetify's Website Screenshot Is Irrelevant and Misleading

Casetify speculates, with no support, that dbrand filed the Motion to prevent the use of a screenshot from dbrand's website at the upcoming March 6 hearing. That assertion is wholly unfounded. The genesis of Casetify's Motion is the correspondence between the parties last week. *See* [251-1] at 1–2.

Casetify's screenshot has no connection to the discovery misconduct at issue in the March 6 hearing, and it is unclear on what basis Casetify would seek to rely on it there. In any event, Casetify has already produced the document. dbrand's Motion seeks clarification of the Court's Order staying discovery as to Westrock, not whether any particular exhibit may be referenced at an unrelated hearing for the discovery misconduct of Casetagram and Westside.

Casetify also attempts to elevate a marketing statement on the webpage of a Canadian

company into a pronouncement of international copyright law governing this Court. That premise is facially unsound. The statement at issue is part of dbrand's well-known "rogue" marketing persona and does not reflect the legal or factual realities of the works at issue. dbrand's broader marketing persona portrays the company as being run by emotionless robots intent on global domination. dbrand's designs were independently created by its in-house design team; they were not copied. That stands in stark contrast to this case, where Casetify bypassed the design process and directly copied dbrand works. dbrand's marketing is not meant to be taken literally, much less delineate the standards of copyright originality and infringement applied in the United States.[3]

### c. Westside's Interrogatories are Irrelevant

Casetify also raises issues concerning interrogatories served by Westside almost one year ago, which are unrelated to the Motion and have no bearing on the March 6 hearing. Following the Amended Complaint, Westside sought leave to serve 96 additional interrogatories—unrelated to this Court's later reopening of discovery on behalf of Westrock. This Court found that Casetify's request for more discovery "unreasonably cumulative or duplicative" and "frankly does not make sense." *See* [205] The Court limited Westside to five contention interrogatories directed solely the alter-ego issue. dbrand served timely and fulsome responses.

During a subsequent meet and confer, Casetify asserted that those responses were deficient, while dbrand maintained that they were sufficient. Nonetheless, dbrand agreed to supplement its responses *after* Casetify completed its production of documents required by this Court's Order to

---

[3] Casetify also insinuates that dbrand withheld or spoliated this webpage. *See* [252] at 2, n.2. The webpage has been publicly available for years before this lawsuit was filed and remains on dbrand's website today. *See* https://dbrand.com/shop/limited-edition/something. There is also no discovery request by Casetify that would even remotely call for the production of this screenshot. It is unclear why Casetify chose to center its Opposition—and apparently the upcoming hearing on its discovery misconduct—on a screenshot of this years-old advertisement.

compel, which expressly encompassed materials directly relevant to the alter-ego issue. *See* [211] at 10–12 ("Contracts between Defendants," "Purchase orders between Casetagram and Westrock," "The Corporate Structure of Defendants," "The 'ultimate beneficial owner' of Defendants"). To date, Casetify has still not confirmed whether it has completed that production.

Although the deadline for compliance was November 14, 2025 (*see* [220]), Casetify has made *seven* belated productions as part of a so-called "rolling production," including its production last week (four months overdue) of nearly 500 documents, which it expressly represented was "responsive to Magistrate Judge Valdez's August 15, 2025, court order." *See* [251-1] at 1–2.

dbrand is not required to provide supplemental interrogatory responses each time Casetify makes another belated production pursuant to that Order. As dbrand has consistently stated, once Casetify confirms that its "rolling production" is complete, dbrand will provide any appropriate supplemental responses. Regardless, this issue is wholly irrelevant to the Motion.[4]

## IV.    Conclusion

dbrand respectfully requests that the Court clarify whether discovery between dbrand and Westrock remains stayed pending resolution of the pleadings.

---

[4] In the Opposition, Casetify confusingly frames the Motion as an attempt by dbrand to avoid supplementing its interrogatory responses. As dbrand has repeatedly stated—both to Casetify and the Court—it will supplement its responses after Casetify completes its court-ordered production of documents relevant to the alter-ego issue, which is the information dbrand would incorporate into any supplement. The present Motion has nothing to do with Westside's interrogatories or dbrand's responses. It was Casetify—not dbrand—that injected those issues in the Opposition.

DATED: March 4, 2026.

Respectfully submitted,

By: /s/ *Collin D. Hansen*
Collin D. Hansen (ARDC#: 6335991)
Email: chansen@wnlaw.com
**WORKMAN NYDEGGER**
840 S Northwest Hwy, Suite 10
Barrington, IL 60010
(801) 533-9800 (Telephone)

Brian N. Platt (*pro hac vice*)
Email: bplatt@wnlaw.com
Chad E. Nydegger *(pro hac vice)*
Email: cnydegger@wnlaw.com
Kenneth J. Dyer *(pro hac vice)*
Email: kdyer@wnlaw.com
Ryan C. Morris *(pro hac vice)*
Email: rmorris@wnlaw.com
**WORKMAN NYDEGGER**
60 East South Temple, Suite 1000
Salt Lake City, UT 84111
(801) 533-9800 (Telephone)

*Attorneys for Plaintiff dbrand inc.*

8

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on March 4, 2026, I caused to be filed the foregoing **REPLY TO CASETIFY'S OPPOSITION TO DBRAND'S MOTION FOR CLARIFICATION** through this Court's electronic filing system, which sent electronic notification of this filing to all counsel of record.

*/s/ Collin D. Hansen*

9