**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DBRAND INC., a Canadian Corporation, | |
| *Plaintiff,* | CASE NO. 24-cv-1919 |
| v. | |
| CASETAGRAM LIMITED, a Hong Kong limited liability company, WESTSIDE LAB, INC., a California corporation, and WESTROCK SERVICES (WHOLESALE), INC., a Wyoming corporation, | Judge Martha M. Pacold |
| *Defendants.* | Magistrate Judge Maria Valdez |
| CASETAGRAM LIMITED, a Hong Kong limited liability company, and WESTROCK SERVICES (WHOLESALE), INC., a Wyoming corporation, | |
| *Counterclaimants,* | |
| v. | |
| DBRAND INC., a Canadian Corporation, | |
| *Counterclaim Defendant.* | |

## DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION FOR CLARIFICATION

Defendants Casetagram Limited ("Casetagram"), Westside Lab, Inc. ("Westside"), and Westrock Services (Wholesale) Inc. ("Westrock") (collectively, "Defendants"), respectfully submit a limited reply to dbrand's corrected partial Opposition [Dkt. 269] to Defendants' Motion for Clarification [Dkt. 266] of the Court's April 28, 2026 minute entry [Dkt. 265].

Within the corrected opposition, dbrand unilaterally concludes "Casetagram has no reason

1

or basis to contest alter ego . . . [a]nd permitting Casetagram to submit a separate merits based brief on alter ego would be inconsistent with the Court's sanction," and ". . . the Court's award of default judgment already resolves that issue against Casetagram."[1] dbrand's opposition skips several necessary steps the Court must take in order to determine whether 1) Casetagram has direct liability to dbrand, 2) Casetagram is liable to dbrand as an alter ego of Westrock and/or Westside, and 3) Westside and Westrock are liable to dbrand as alter egos of Casetagram. It is also worth noting that items 2 and 3 would require different analyses under different laws.

**First**, the current procedural posture of the case refutes dbrand's position because the Court has not yet *entered* a default judgment against Casetagram. "I **will be** entering default judgment [against] Casetagram on all claims in the amended complaint, which is the operative complaint at Docket 114." *See* March 31, 2026 transcript of Oral Ruling on dbrand's Motion for Sanctions [Dkt. 134] (emphasis added). Under governing authority, the Court cannot enter default judgment against Casetagram given the current procedural status of the case. The Seventh Circuit has reaffirmed that "in a suit against multiple defendants, a default judgment should not be entered against one until the matter has been resolved as to all." *Home Ins. Co. of Illinois v. Adco Oil Co.*, 154 F.3d 739 (7th Cir. 1998). When a complaint makes a joint charge against two or more defendants and one is defaulted, "judgment should not be entered against him until the matter has been adjudicated as to all defendants, or all defendants have defaulted." *Warrington U.S.A., Inc. v. Allen*, 631 F. Supp. 1456 (E.D. Wis. 1986). This rule prevents the "absurd result of one decree sustaining the plaintiff's claim and a later decree dismissing the charge as to the nondefaulting defendant." *Id.* This rule protects against inconsistent outcomes. So, judgment has not yet been entered against Casetagram, and the Court's March 31, 2026 Order remains interlocutory and

---

[1] *See* Opposition at p. 3.

subject to change.[2] Thus, Casetagram should be able to file a response in opposition to dbrand's partial motion for summary judgment on alter ego.

**Second**, The Court's ruling was expressly limited to liability against Casetagram only, not damages. The issue of damages was expressly carved out of the order.[3] Alter ego is used to pierce the corporate veil and **collect damages**. The 7th Circuit has consistently held that "while a default judgment conclusively establishes liability, the victor must still prove up damages; any allegations in the complaint relating to liability are considered true, but allegations going to damages are not." *Domanus v. Lewicki*, 742 F.3d 290 (7th Cir. 2014). Allegations with regard to damages are not deemed admitted. *Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 198 (E.D.N.Y. 2009). This distinction is critical because it means that even after default is entered on liability, the plaintiff must still provide evidence supporting the damages claimed. *Quincy Bioscience, LLC v. Ellishbooks*, No. 19-1799, 2020 WL 1966846 (7th Cir. Apr. 24, 2020).

Because a plaintiff must ordinarily prove damages upon defendant's default, **the defaulting party may raise the issue of causation as it relates to the calculation of damages**. *William Wehrs, Jr. v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012) (emphasis added). In *Wehrs v. Wells*, the 7th Circuit recognized that defaulting parties retain the ability to challenge how damages are calculated, particularly on causation grounds. *Id.* There, the defaulting party had an opportunity to submit its position on the proper amount of damages at the prove-up hearing or seek a delay in

---

[2] *See Stookey v. Teller Training Distributors, Inc.,* 9 F.3d 631, 633–34 (7th Cir. 1993) (where the court found good cause for removing an original default and lifted the default judgment after determining that the sanction was disproportionate to the misconduct).

[3] *See* March 31, 2026 Oral Ruling transcript at p. 36 ("In addition, there is an outstanding issue before I could enter default judgment even as to Casetagram, which is that – it was just the issue of damages, and Casetagram requested a separate hearing on damages. And so that has yet to occur, has yet to be scheduled, has yet to be brief or any of that." "So for a variety of reasons, both the open issues as to damages and because Casetagram is one of multiple defendants, I won't actually enter a judgment at this time, but I am awarding default judgment as a sanction.")

3

decision on damages to allow it to submit such evidence. *Id.* Similarly, Casetagram should be afforded the opportunity to oppose dbrand's forthcoming partial motion for summary judgment on alter ego.

Any alter ego assertion and resulting determination relates at a minimum to the scope and amount of potential damages that may potentially be assessed against Casetagram. Casetagram has made a jury trial demand, which is not waived by a default. See, Fed. R. Civ. P. Rules 39 and 55; *see also* the legal authority contained within Defendants' section of the April 24, 2026 Joint Status Report (Dkt. 264 at pp. 23, 24).

**Third,** the case law governing defaults confirm that only well-pleaded facts in a complaint are taken as true, while facts not well pled are not deemed true. While dbrand's Opposition provides case law in support of Casetagram's liability being established, and Casetagram being unable to contest the well pled facts contained within the Amended Complaint,[4] the Court must examine whether judgment should be entered against Casetagram. Judgment does not automatically follow after the entry of default. *In re Paul*, 266 B.R. 686, 693 (Bankr. N.D. Ill. 2001). Additionally, although well-plead facts in the complaint are generally taken as true, the defendant does not by default admit conclusions of law. *Id.* Therefore, it is left to the court to decide if the plaintiff is entitled to judgment as a matter of law. *Id.* "Even after default it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party does not admit mere conclusions of law." *Felder v. Cross*, No. 3:95-CV-595RM, 1998 WL 792196, at *7 (N.D. Ind. Sept. 8, 1998).

Here, there are challenges to whether dbrand may assert its DMCA claim at all given dbrand's own unauthorized copying of third parties' works and dbrand's removal, alteration or

---

[4] *See* Opposition at p. 3.

covering up of the third parties' QR codes before replacing it with dbrand's QR codes. *See, e.g.* Dkt. 1, p. 18, ¶ 68; Dkt. 114, p. 19, ¶ 67 (showing QR codes of third parties and resulting end products showing third party QR codes covered up, blurred or removed by dbrand).

Under dbrand's own allegations in its Amended Complaint (even if deemed true), there is also a material question as to whether dbrand's claimed Copyright Management Information (CMI) is actually CMI as defined under the applicable statute. By way of example, dbrand alleges in paragraph 74 of the Amended Complaint that "The dbrand QR code Easter Eggs are digital signatures that embed information concerning the source of the Original Teardown Artworks. Consumers scan the QR codes using a modern cell phone or similar device and are immediately **redirected to the product page for the Original Teardowns on the dbrand website and other promotional materials for the Original Teardowns.**" (emphasis added). *See, e.g.* Dkt. 1, p. 21, ¶ 74; *see also* Dkt. 114, p. 21-22, ¶ 74. A product page on a website or other "promotional material" is not within the plain language of the definition of CMI. *See* 17 USC § 1202(C). Additionally, the legislative history of the DMCA expressly states that it is not enacted as a removal of branding statute, as that is governed by other laws.[5]

**Additionally, the entry of default does not preclude a party from challenging the sufficiency of the complaint**. *Klinger v. Conan Doyle Est., Ltd.*, 988 F. Supp. 2d 879, 884 (N.D. Ill. 2013), *aff'd,* 755 F.3d 496 (7th Cir. 2014) (emphasis added). "Well-plead facts in the complaint are generally taken as true, the defendant does not by default admit conclusions of law. Therefore, it is left to the court to decide if the plaintiff is entitled to judgment as a matter of law." *In re Paul*,

---

[5] *See* S. Rept. 105-190 (1998), the legislative history of the DMCA; *see also* Lehman, Bruce A., *Intellectual Property and the National Information Infrastructure: The Report of the Working Group On Intellectual Property Rights*, September 1995, Information Infrastructure Task Force (the "White Paper" referenced in S. Rept. 105-190 at p. 16).

266 B.R. 686, 693 (Bankr. N.D. Ill. 2001). Even after default, courts must examine whether the plaintiff's allegations establish the defendant's liability on the legal claims contained in the complaint. *GS Holistic LLC v. Vilet Z LLC*, 711 F. Supp. 3d 1059, 1064 (E.D. Wis. 2024). Courts do not simply award whatever relief a plaintiff requests after accepting well-pleaded factual allegations as true. *Id.* Instead, judgment by default may be granted only for such relief as may lawfully be granted upon the well-pleaded facts alleged in the complaint. *Felder*, 1998 WL 792196, at *7. Facts not established by the pleadings and claims that are not well-pleaded cannot support a default judgment. *In re Jewell*, 554 B.R. 169, 172 (Bankr. N.D. Ind. 2016). The court must still determine whether the unchallenged facts constitute a legitimate cause of action. *Felder*, 1998 WL 792196, at *7. With respect to alter ego, the Amended Complaint provides no allegations regarding the applicable law and facts to be considered under the applicable law, nor does it provide facts from which this Court could even begin to make an equitable ruling on a rarely applied alter ego determination.

The more recent governing Seventh Circuit case law (*Klinger*) overcomes dbrand's position that that "the facts alleged in the complaint may not be contested (*Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994)). Casetagram (as well as the other two separate entities that are non-defaulted defendants) should be afforded the fair opportunity to challenge the sufficiency of dbrand's Amended Complaint. dbrand's Opposition highlights that 16 of its counts depend on this Court's legal and equitable determinations of alter ego. *See* Opposition at p. 5, fn 2. Under controlling authority, the Court should permit each separate entity, including Casetagram, to contest the limited question of whether Westside, Westrock and Casetagram are alter egos of one another, with each separate entity given a full and fair opportunity to respond.

**Fourth,** the Court's March 31, 2026 discovery sanction of default judgment is related to

the **claims** made by dbrand in its Amended Complaint against Casetagram. The Court's March 31, 2026 sanction is not related to "alter ego," which, legally, is not a stand-alone cause of action but a remedial equitable doctrine. Alter ego is a fact-intensive inquiry and is rarely applied. None of the discovery issues giving rise to the Court's sanction pertain to the issue of alter ego. Thus, such equitable determination via a default would be disproportional to the discovery issues. During the March 31, 2026 Oral Ruling, the Court ruled "I will be entering default judgment [against] Casetagram on all **claims** in the amended complaint, which is the operative complaint at Docket 114." *See* March 31, 2026 Oral Ruling transcript at p. 3 (emphasis added). So, the Court has not determined, via default judgment, that Casetagram is an alter ego of Westrock and/or Westside.

**Fifth** , the Court is clearly aware that the issue is alter ego is disputed by *all* parties. "dbrand alleges that Westside is an alter ego of Casetagram. Defendants dispute this." *See* March 31, 2026 Oral Ruling transcript at p. 14. "I think what would be helpful to me is if - - first of all, I can see - - I understand, I think, you know, **the parties'** positions." *Id.* at p 40 (emphasis added). The Court's April 28, 2026 minute entry [Dkt. 265] "concludes that proceeding to partial summary judgment to consider whether Westside and Westrock are alter egos of defendant Casetagram will promote the 'orderly and expeditious disposition' of the case." In order to determine whether Defendants are alter egos of one another, the Court should permit *all separate* Defendants to file their own memorandum of law, response to dbrand's statement of material facts, and statement of additional material facts, pursuant to LR 56.1, in order to determine whether "Westside and Westrock are liability to plaintiff as alter egos of Casetagram." This would conform with longstanding principles of corporate separateness.[6]

---

[6] *See Dewberry Group, Inc. v. Dewberry Engineers Inc.,* 604 U.S. 321, 687, 145 S.Ct. 681, 683, 221 L.Ed.2d 156 (2025), *citing Agency for Int'l Development v. Alliance for Open Society Int'l Inc.,* 591 U.S. 430, 435, 140 S.Ct. 2082, 207 L.Ed.2d 654 (2020) (reversing a lower court for failing to apply corporate separateness principles)

Given all of the above, it is each Defendants' position that the Court's March 31, 2026 Oral Ruling and accompanying minute entry [Dkt. 261] did not determine, via sanction of default judgment, that Casetagram is an alter ego of Westrock and/or Westside, or vis-a-versa. Based on the foregoing, Casetagram, Westside, and Westrock, as separate entities with a presumption of corporate separateness, should each be able to contest dbrand's conclusory allegations in its Amended Complaint that Casetagram is liable to dbrand as an alter ego of Westrock and/or Westside, and Westside and/or Westrock are liable to dbrand as alter egos of Casetagram. Accordingly, Casetagram should be given leave to file its own memorandum of law, response to dbrand's statement of material facts, and statement of additional material facts, pursuant to LR 56.1 as well as the other two separate Defendants.

Lastly, dbrand's corrected Opposition does not accurately reflect the parties meet and confer call or exchanges. The Local Rules have limits on the number of separate statements of fact each party may provide. dbrand wanted to increase its number by 40 added statements of facts. Each separate defendant requested that it also be provided with the same number of added statements of facts. Thus, if dbrand is afforded 120 statements of fact (40 more than is outlined in LR 56.1(d)(5)), then under the principles of fairness, as outlined in LR 56.1(d)(5)), each Defendant should be afforded 40 more additional facts (each Defendant having 80 additional statements of fact). The parties should be given the same amount of added paragraphs to their respective statements of facts, particularly with a fact-intensive alter ego analysis.

Defendants' request of two additional weeks to separately respond to dbrand's planned partial motion for summary judgment on alter ego on behalf of three separate Defendants is necessary especially in view of dbrand's indication that it was going to request 40 additional statements of facts, which will have to be opposed with citations to the record. The additional time

8

of two weeks for three separate defendants to respond to the upcoming proposed summary judgment filing is necessary, fair and reasonable, and is not objected to by dbrand. The briefing schedule would be:

- dbrand to file its partial motion for summary judgment on alter ego in accordance with the Local Rules by June 9, 2026;

- Each Defendant to file its opposition brief, response to dbrand's statement of facts, and statement of additional statements of facts, in accordance with the Local Rules by July 24, 2026; and

- dbrand to file its Reply by August 14, 2026.

DATED: May 11, 2026.                    Respectfully submitted,

<u>/s/ Kara E.F. Cenar</u> _____

Kara E.F. Cenar (IL #6198864)
KCenar@ubglaw.com
S. Patrick McKey (IL #6201588)
PMcKey@ubglaw.com
Susan Meyer (IL #6226450)
SMeyer@ubglaw.com
Brett Geschke (IL # 6337873)
BGeschke@ubglaw.com
**UB Greensfelder LLP**
200 W. Madison Street, Suite 3300
Chicago, IL 60606
(312) 658-6500

*Attorneys for Defendants Casetagram Limited, Westside Lab, Inc., and Westrock Services (Wholesale) Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the May 11, 2026, I filed the foregoing **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR CLARIFICATION OF DOCKET NO. 265** through this Court's electronic filing system, which sent electronic notification of this filing to all counsel of record.

*/s/ Brett J. Geschke*