**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

DBrand, Inc.

                Plaintiff,

v.

                                       Case No.: 1:24–cv–01919

                                       Honorable Martha M. Pacold

Casetagram Limited, et al.

                Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, June 4, 2026:

      MINUTE entry before the Honorable Martha M. Pacold: The court grants in part defendants' motion for clarification [266]. Defendants Westside Lab, Inc., and Westrock Services, Inc., may each file their own oppositions to plaintiff's motion for partial summary judgment. However, defendant Casetagram Ltd. may not file an opposition. As the court previously ordered, the question to be briefed in the partial summary judgment motion is limited to whether Westside and Westrock are alter egos of defendant Casetagram. *See* [265]. The court declines to expand the scope of partial summary judgment to include the question of whether Casetagram is an alter ego of the other two defendants. There is no need to consider that question because the court has already granted dbrand's request for default judgment against Casetagram (but deferred the entry of default judgment as to Casetagram, as the amount of damages remains outstanding, as do claims against the other defendants, Westside and Westrock). *See* [261]. "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint. Upon default, the well–pled allegations of the complaint relating to liability are taken as true, but those relating to the amount of damages suffered ordinarily are not." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012) (citations and internal quotation marks omitted). Whether Casetagram is an alter ego of the other defendants is a question going to Casetagram's liability. *See Bd. of Trs., Sheet Metal Workers' Nat. Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1038 (7th Cir. 2000) ("a contention that A is B's #039;alter ego' asserts that A and B are the same entity," creating direct liability (emphasis omitted)). Thus, at this stage, that question (along with all other issues going to Casetagram's liability) has already been resolved against Casetagram by virtue of the court's determination to enter default judgment against Casetagram (subject to the resolution of the amount of damages and the claims against the other defendants). Therefore, Westside and Westrock may each file their own opposition brief (not to exceed 25 pages) to plaintiff's motion for partial summary judgment and their own Local Rule 56.1(b)(3) statements of additional fact. Westside and Westrock will each be permitted a maximum of 60 numbered paragraphs in their statements of additional fact, a 50% increase over the default in Local Rule 56.1(d)(5). Plaintiff will be allowed a maximum of 120 numbered paragraphs in its Local Rule 56.1(a)(1) statement of facts, which similarly represents a 50#037; increase over the default in Local Rule 56.1(d)(5). The court finds these limits to be fair given that each party has received a proportionately

equal increase. The parties are reminded to carefully review and comply with Local Rules 7.1 and 56.1. Finally, the briefing schedule entered at dkt. 265 is modified as follows: plaintiff's partial motion for summary judgment is due by 6/9/2026; defendants will respond by 7/24/2026; plaintiff will reply by 8/7/2026. Should there be any request to change these deadlines, the parties should file a joint status report. Mailed notice. (lxk, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.